The case was not again argued, and the opinion of a majority of the Court was delivered by
 

 RenbersoN, Judge :
 

 When I take a review of the construction, which I once thought, I was bound by precedents, to give this will — precedents which in reality neither bore, or professed to bear upon it, so far as regards the real estate, and the struggles which I made in my own mind, to get rid of them, it appears that I must then have labored under something like a delusion 5 for it was never for a single moment doubted, as far as I can collect from authorities, that where persons come to an estate as heirs.,
 
 *68
 
 whether by descent as having been in by their ancestor, or by purchase as a new acquisition, under the description of heirs, that they take
 
 per stirpes
 
 and not
 
 per capita ;
 
 ^ey tft^e ¡t In a representative and collective character, and as to others, are considered as an unit, however they may subdivide and parcel out the property among themselves; they take not individually, but collectively, not separately, but conjunctively. A, has a daughter, and two grand-daughters, daughters of a deceased daughter, his lands descend one half to his daughter, and the other half to his ,two grand-daughters. So if the limitation had been to the heirs of A, making them take as purchasers, they would take the, estate in the same proportions, that is
 
 per stirpes,
 
 and not
 
 per capita ;
 
 in the case of the descent, the lands of which A died seized, descend to his daughter and grand-daughters, as persons designated by the canpn of descent, under the description of heirs, or rather
 
 as
 
 heirs; in the latter case the same canons of descent, point out the purchasers, and they take the same porportions as if the lands had descended from A. It is a fallacy to say, that the law designates the persons, and the will points out a separate, equal, and individual interest in each — the will points to them as a unit, and tlie canons of descent does the same. I have nota doubt but the presiding Judge was right when he said, the devisor intended a division by stocks or families; if so, he could not have used a word in our language more appropriate, for the reasons given in the case of
 
 Croom
 
 v.
 
 Herring,
 
 4
 
 Hawks
 
 393.
 

 Suppose one of the brothers had died after the date of the will and before the testator, leaving ten children, the surviving brother or sister of the testator, would have to share equally with all these children, and get, instead of a third or a fourth, only a twenty fifth part, or less if there were more children. The testator having in his will given a legacy to his brother, thereby noticing that he is alive, the word heirs, is to be construed heirs ap
 
 *69
 
 parent, noFonly as to his heirs, but as to all where the parents are ali\e, that is, where it is necessary.
 

 I must ronfeas, I feel some difficulty as to the. double portion of
 
 Levi Ward,
 
 but the strong inclination of my mind is, and sol must decide, that he is entitled to one fourth, under the description given by name, and to one half of one fourth under that “ of heirs of
 
 Sally Ward.”
 

 The former decree must be set aside, and the decree of the Superior Court reversed ; for by that,
 
 Levi Ward
 
 was allowed only half of one third, w hereas he is entitled to three eighths, to-wit, one fourth, and one half of one fourth. Let it be decreed, that the estate be divided into four equal parts, and that one fourth be allotted to the heirs of
 
 John Ford,
 
 one fourth to the heirs of
 
 Nancy Stow,
 
 one. fourth to the heirs of
 
 Sally Ward,
 
 and one fourth to
 
 Levi Ward.
 

 The authorities which perplexed us in this case, relate entirely to personal property.
 

 Tayior, Chief-Justice, dissented.
 

 Decree reversed,