Ruffin, Chief Justice.
 

 The question made in this case has not been argued ; but we do not postpone the decision on that account, as we think no argument could raise a doubt upon it. All the cases upon the subject were
 
 looked
 
 into, and much considered by the Court in the recent case of
 
 Ward
 
 v.
 
 Stowe,
 
 2 Dev. Eq. Ca. 509; and they clearly establish the correctness of the decree made by his Honor. The only difficulty in that case arose out of the word
 
 heirs,
 
 there used as the description of the donees of a residue, in which real and personal estates were complicated. We were finally of opinion, that in that will,
 
 children,
 
 or, at any rate,
 
 issue,
 
 were meant by it; and it then followed, of course, upon the authorities, as we thought, that the different families of children did not take collectively or by representation, but severally, and as individuals who came within the general description. Several Chancellors havey in cases like this, of gifts to the testator’s children, and to the children of deceased children, expressed the apprehem sion, that, in distributing
 
 per capita,
 
 they did not follow the intention; but they have never been able to find a ground for holding otherwise, and have thought themselves bound to that construction, although it might not be according to the intention, rather than adopt the opposite one, which obviously does violence to the words of the testator. The intention that the grand-children should take per
 
 stirpes,
 
 is conjectured from the reasonableness ofit, as applied to the state of most families. But when the gift is made under circumstances which exclude all reference
 
 *157
 
 to the statute of distribution, that conjecture must be given up; and when to that is added a direction for an
 
 equal division
 
 among all the donees, no court could feel safe in making an unequal division.
 

 The present case has both of those distinguishing circumstances. One set of the grand-children are the children of a son of the testator, who was then living, and, indeed, was the executor of the will. That brings it to the very point on which the leading case on this subject,
 
 Blackler
 
 v.
 
 Webb,
 
 2 Pr. Wms. 383, was decided. That was a bequest of a personal residue equally to several of the testator’s children by name, and to the children of a deceased child, and the children of a living child, without any words of division. At first, Lord King inclined, that the grandchildren took per
 
 stirpes;
 
 but at length he was obliged to decree otherwise, because the mother of some of the children'was living; which showed that the testator could not have looked to a legal distribution, in which grandchildren represent their deceased parents. That case is mentioned in all the subsequent ones, and has never been questioned. The rule, indeed, is not confined to cases in which a parent of one set of the donees is alive; but extends to legacies to “ the children” of deceased parents; as to A. and B., and the “children” of C., deceased, and the “children” of D., deceased, “equally to be divided between them.”
 
 Northey
 
 v.
 
 Strange,
 
 1 Pr. Wms. 340.
 
 Butter
 
 v. Stratton, 3 Bro. Ch. Ca. 367.
 
 Lady Lincoln
 
 v.
 
 Pelham,
 
 10 Ves. 166.
 
 Davenport
 
 v.
 
 Hanbury,
 
 3 Ves. 257. The difficulty, in cases of this kind, has always arisen on the description being by some term as “ heirs” or “ representatives,” or “ next of kin,” or the like, which was thought .to denote that the legatee was to make claim by representation, in which case his share ought to be that of a representative.
 
 We
 
 had a case somewhat of that nature before us at the present term, in
 
 Elliott
 
 v.
 
 Elliott,
 
 on the word “ distributee” in a family settlement. But a tenancy in common between “children” and' “grand-children,” who are to take
 
 equally,
 
 is necessarily a gift to each individual, as such, and the distribution must be
 
 per capita.
 
 Whatever may be the wish of testators in particular cases,
 
 *158
 
 the judicial construction of such bequests is so thoroughly settled, that it cannot be disregarded.
 

 The interlocutory decree was therefore proper; and it must be so certified to the Court of Equity of Hertford.
 

 Per Curiam. Judgment affirmed.