Gaston, Judge.
 

 This case comes before us by an appeal from adecreee of the Superior Court of Davie', rendered in a proceeding by petition. Oil an inspection of the record, it appears that at the'Spring'Term, 1838, of that court, the petition was filed by Milton Hobbs and Irene his wife and Sarah Foster, against Robert N. Craige, Burton Craige, Samuel Craige, John Craige, Giles- Foster; Ellis Foster, Berry Foster and his wife Mary, but that subsequently, by permission of the court, Giles Foster and? Berry Foster and wife were stricken out of the' bill, as parties defendants, and, instead thereof, made parties plaintiffs. In the petition it was charged; that Anderson E. Foster had died in the month of May, 1836, having previously duly executed his last will and testament, whereol he appointed the defendants Robert and Burton, executors, and'which, after his death, the said Robert and Burton caused' tb be duly proved; that by the said will, after some special devises and legacies, he disposed of all the residue of his estate real and personal in the following terms, viz: “ The balance of my property to be applied to the-payment of my debts; should there be a surplus, it is my will that it be equally divided among the heirs of my deceased brother, Samuel1 Foster, and the heirs of David Craige.” And the petitioners1 alleged, that the petitioners, Irene, Sarah, Giles and Mary, together with the defendant, Ellis Foster, were the persons intended and designated in the said will by the description, “ the heirs of my deceased brother, Samuel Foster,” and1 the defendants, Robert, Burton, Samuel, and John Craige, were the persons thereby designated as the heirs of David Craige; they charged that of the residuum aforesaid so devised and bequeathed, a large sum, after satisfying all the just debts of the testator, remained in the hands of his executors; and they prayed that they might be compelled to account for their administration of their trust as executors, and be compelled to pay over to the petitioners, respectively, what might be found
 
 *336
 
 due upon taking such account. The defendants, Samuel Uraige, filed their answers, and thereby insisted that according to the proper construction of the will, “the fieirs of Samuel Foster” were to take one moiety, and “ the heirs of David Craige” were entitled to the other moiety) the equality of division there directed being between the roots or
 
 per stirpes,
 
 and not
 
 per capita
 
 or among the individuals, embraced within those classes. The defendants, Robert and Burton, also put in an answer, in which the same question was raised, and in which they also contended that the petition had been filed prematurely, before the petitioners were entitled to demand an account or payment of what might be due them thereupon. The defendant, Ellis
 
 Foster,
 
 does not appear to have been served with any process, or to have entered his appearance to the suit, nor have any proceedings been had against him. At the Spring Term, 1839, an order was made that the cause should be referred to John Clement to take an account, and at the Fall Term, 1839, the commissioner returned his account, to which the defendants filed exceptions. All of these exceptions were upon argument at the same term overruled and the report confirmed, and thereupon it was decreed that the petitioners, Hobbs and wife, should recover of the defendants, Robert N. Craige and Burton Craige, the sum of $1,050 40§ cts., the petitioners, Berry Foster and wife, should recover the like sum, and the petitioner, Sarah Foster, the like sum; and that the petitioners should respectively before suing out execution, execute bonds payable to the Chairman of the County Court of Davie, in the penal sum of $2,110 81 cts., with security, to be approved by John Clement, Esq., conditioned to indemnify and save harmless the said Robert N. Craige and Burton Craige, and to refund to them their proportionable parts of all’ such sums of money as- might be thereafter recovered of them as the executors of Anderson E. Foster, deceased, by means of any suit or suits that might be thereafter commenced against them,- or any sets-off which might be allowed in any suit then pending; that the costs of taking the account should be paid out of the estate of Anderson E. Foster, and the residue of the costs be paid by the said
 
 *337
 
 Robert and Burton. From this decree the defendants apPealed-
 

 t There is no error in the interlocutory order directing the accounts to be taken. The act of Assembly, making it obligatory on executors to settle the estate at the end of two years after their administration shall have begun, does not authorise them to defer the settlement until that time without necessity. And it is competent to those interested to ñle their bill or present their petition for such a settlement, as soon as they think proper, the proceedings upon such bill or petition being under the control of the court, who can prevent a pre. mature decision thereon, and have the question of costs at their disposition.
 

 We have examined the exceptions taken to the report of the commissioner, and think there .was error in overruling the 6th of these exceptions. It is thus expressed: “ for that the defendants are improperly charged in the account with a claim against Elizabeth Nesbett, for which a suit is now pending against her, in which she seeks to get rid of the claim or to reduce it by sets-off.” The facts in relation to this charge, so far as we can gather them from the report, are, that the executors were charged in the account with the amount of articles sold to Elizabeth Nesbett, amounting to about $1200, not yet collected, but for which a suit has been, brought, which at the time of the report was still pending; and the commissioner reports also, that should Elizabeth Nesbett succeed in reducing the amount claimed, then the executors should be allowed a credit to the extent of that reduction. Now, upon this view of the facts, it would seem that the executors had not yet collected the money, wherewith they were charged in this item; that nothing was shewn from which it could be seen that they oiight to have collected it; and until they had collected or ought to have collected it —or unless they had been guilty of some breach of duty in relation to the subject matter of the claim — -it was obviously unjust to make them debtors in account therefor. The proper course would have been, in regard to this- item, and any others as to which the liability of the executors depended upon future events, to reserve them for a further account,
 
 *338
 
 which might be prayed for, after a decree
 
 in part
 
 upon the matt;ers account definitively ascertained.
 

 „ of Ward v. Dev! Eq! 509, and Bryant adm &c v. Scott 3at.eÍ55,n approved
 

 We see no error in over-ruling the other exceptions. The prstj seCond, third, eighth, eleventh, and fourteenth could not fitly be regarded as exceptions-to the finding of the commissioner, for they assigned no errors therein, but alleged matters proper to be addressed to the discretion of the court upon a motion for further time to take the accounts. The fourth exception, for that the commissioner had not reported what portion of the assets came to the hands of the executors respectively, was properly overruled, because the answer of the executors set forth a joint receipt and a joint administration of the assets. The fifth was properly overruled as an exception, because the matter therein alleged, that a necessary- party had not been brought before the court, though valid as an objection upon the hearing to the rendition of a decree, established no error in the commissioner.
 

 The 7th exception was predicated upon the position taken in the answers, that under a proper construction of the will, the surplus of the testator’s estate was divisible
 
 per stirpes
 
 and not
 
 per capita.
 
 This position cannot be maintained. The cases of
 
 Ward
 
 v.
 
 Stowe,
 
 2 Dev. Eq. Ca. 509, and
 
 Bryant Adm'r Britt,
 
 v.
 
 Scott,
 
 1 Dev. and Bat. Eq. Ca. 155 are decisive upon this point. The 9th exception alleged that a suit bad been brought by Robert Foster to rescind a sale °
 
 J
 
 made by the executors and to recover back the purchase money. Assuming this allegatien to be true, there seems no sufiicien t reason why the possibility of such a recovery should prevent the proceeds in the mean time from being regarded as assets in their hands.1 It would be otherwise if it appeared that the proceeds had not yet been received: Then
 
 prima facie
 
 the executors were not chargeable with them. The 10th and 16th were too vague and indefinite to present any point to the judgment of the court. The existence of the .claim alleged in the 12th exception does not appear to have been in any manner shewn to the commissioner or the court, and the pleadings did not bring it forward for consideration. The commissioner, therefore, was not guilty of any error in
 
 *339
 
 omitting all mention thereof. The 13th was properly overruled because the executors could not rightfully claim a credit for an expenditure, which they had not made, and which they might never make. The 15th exception, because the commissions allowed were not sufficient, appears to us to have been.altogether unfounded. It must be an extraordinary case which could justify the very liberal allowance of commissions for which the executors were credited in the account, within 1 per cent, of the largest rate of commissions which the law permits.
 

 This court is, therefore, of opinion that the order confirming the report of the commissioner is erroneous as to the matter embraced within the sixth exception, and of course that the decree founded upon that report is to that extent erroneous.
 

 But the decree is altogether erroneous in this, that, upon the pleadings, it appears that Ellis Foster has a joint interest with the petitioners in the legacy, for which this petition has been preferred, and the said Ellis Foster hath not been made a party thereto by any process or otherwise, nor is any reason alleged in the pleadings, wherefore he hath not been made a party.
 

 The decree rendered below is therefore reversed
 
 in tolo,
 
 and the cause remanded to the Superior Court for further proceedings thereon, as the parties shall be advised and the course of the court permit. The plaintiffs must pay the costs of the appeal.
 

 Per Curiam. Decree accordingly.