Gaston, J.
 

 It appears from the pleadings in this] case, that William Spivey, the testator, at the execution of his will and at the time of his death, had seven children, viz. Louisa Hendrickson, Levin Spivey,'WilliamSpivey,. Elizabeth Pruden, Susannah Shark, Moses Spivey and Calvin Spivey and seven grand-children, who were the children of a deceased daughter, Hetty Taylor. He had some time previously to the execution of his will, given by proper and effectual means of conveyance negroes and other personal property to several of his children. The negroes and other personal property, so given to his daughter Hetty, are now held by her late husband as his own, and he disclaims all benefit under any-of the provisions of the will. Those given to his, daughter Louisa were sold for her husband’s debts in the testator’s lifetime.
 

 This bill is filed against the executor for a settlement. All the persons interested under the will are made parties thereunto. And at the hearing questions were raised, upon which our opinion is required.
 

 These are so intimately connected, as to depend upon the construction of the same clauses in the will, which it will, therefore, be proper to consider in connection. In these the testator declares as follows: “ 1st, I give and bequeath unto Hetty Taylor four negroes (naming them) which she has already received, two cows and calves, and one bed to her and her heirs forever; 2nd, I give and bequeath unto my
 
 *102
 
 daughter Louisa Hendrickson, three negroes ('naming them) feather bed, one cow and calf, which she has already had, to her and her heirs forever; 3rd, I give and bequeath unto Levin Spivey, two negroes (naming them) one cow and calf, one feather bed, which he has already had, to him and his heirs forever; 4th, I give ■ and bequeath unto my daughter Elizabeth Pruden, three negroes (naming them) which she has already had, to her and her heirs forever; 5th, I give and bequeath unto my son William Spivey, one negro boy, George, and one feather bed, which he has already had, to him and his heirs forever.” Then, after some specific devises, follows the 14th: “My will and desire is, those who have received a part of my estate, will account to the balance of my children for what they have received; then it is my Will and desire that all the balance of my property not given away shall be equally divided between the heirs of Hetty Taylor, Louisa Hendrickson, Levin Spivey, William Spivey, Elizabeth Pruden, Susannah Shark, Moses Spivey and Calvin Spivey, to them and their heirs forever.”
 

 The questions raised are, 1 st. Is Louisa Hendrickson to bring into account the negroes and other personal chattels stated in the will to have been received by her, and which have been sold for her husband’s debts, before she can claim a share of this residue? 2nd. Are the children, as “ heirs” of their mother Hetty Taylor, to account in like manner for what their mother has received? And, 3dly. In the division of the residuary estate of the testator, do these children take one share as a class representing their deceased mother, or do they severally share equally with the children of the testator? It seems to us clear beyond dispute that Louisa Hen-drickson must bring into the common stock, in which by the 14th section she is to have a part, the value of the gift or advancement which, in the 2nd section, the testator states she has already had from him. She is one of those who have received a part of his estate, and who by that clause is to receive a share of “ the balance of his property,” when •she “ accounts to the balance of his children for what she has received.’ There is no doubt that the testator intended that the part of his estate which had been given to his daughter
 
 *103
 
 Hetty, should also be brought into the account. As to that the will does not operate as a gift, but as a confirmation of a preceding gift, declared to have been made; and the 14th clause embraces all who have thus received, and of course all that has been so received. It is to be "taken into account for the purpose of a distribution, and therefore the value thereof is to be brought into the common stock by some or other of those between whom that stock is to be apportioned. Among these is a class of individuals, whom the testator designates as the “ heirs of Hetty Taylor.” It is in that character that he constituted them the objects of his bounty. It is as representing their deceased mother that he gives to them a part of the “balance of his property not given away;” and if an account is to be taken- of the value of what Hetty Taylor has already received, it must be for the purpose of affecting the share which they are to have of this “ balance.”
 

 The expression in the 14th clause “to account
 
 to the balance of my children”
 
 must be so extended by construction as to embrace the children of the testator’s deceased child.
 
 If they are to
 
 account for the value of their mother’s advancement to the “children ” of the testator, they are to have the benefit of' the account directed to be made by these children. In other words, the accounts must be mutual between those who are to divide the common-fund. And these views, as we think, are conclusive to shew that the division is to be so made as to give unto them
 
 a share
 
 as a class. They are as a class to deduct the value of the advancements made to their mother in anticipation of her filial portion. Each of the testator’s children is also to deduct, as preparatory to a division with them as a class and with each other, the part of the filial portion which he or she has received in anticipation — and when this is done there is to be an equal division between the respective parties accounting and accounted to for advancements. Although therefore the last words of the 14th clause, taken
 
 per se,
 
 import an equality of division
 
 per capita,
 
 yet, taken in connection with the context, they must be understood as directing an equality of division, in which the heirs of Hetty Taylor are to be regarded as an unit. They are to account
 
 *104
 
 an<^ accoUQled with as representing a child; they are liable been advanced and entitled to have the benefit in account of the parts of the portions which other children have received, and
 
 then
 
 are to receive as much in addition out of the residue as will give to them a full child’s portion.
 

 Per Curiam, Decree acccordingl y.