Nash, J.
 

 We are of the opinion, that the bequest, contained in the 2nd item, is not void, but, that, under it, the plaintiff takes the Glass plantation, as a present devise in fee, charged with the maintenance of the two old negroes Mose and Nelly, who are also given to him — and that the provision “the proceeds of which are to go to their support,” if not void, is merely directory. By the laws of this State, provision is made, whereby owners of slaves are compelled to furnish every slave, who has become superannuated and unable to work, with the usual allowance of clothing, food and lodging.
 
 Rev, Stat.
 
 Ch. 89,
 
 Sec.
 
 19.
 

 
 *134
 
 They are not permitted to cast them off in their old • age, when no longer able to work. The ’benevolent testatrix, in this case, was, therefore, not only in theper* formance of a high moral duty, in providing for the future maintainence of these two old and, no doubt, faithful slaves, but she is doing what the law would have compelled her estate to perform.
 

 A-S to the t5th clause, wé are of opinion, that the bequests in it are void, and that a trust resulted, which, under the 8th clause„either passes, as therein directed, or to the next of kin. The first part qf the clause is void for uncertainty. It directs that the slaves, after the valuation therein provided, shall choose their masters — and, if those, whom they shall choose, do not take them, that they may exercise the same privilege again without limit of time. And they are not confined to any particular persons, but have the whole country to select from. If their choice had been limited to the relations of the testatrix or to a certain number of designated persons, as it was a bequest intended for the benefit of such persons, it would have been supported, but it is too indefinite and uncertain. The bequest in the latter part of the 6th clause is void, because of the incapacity of slaves to take. It was certainly not the intention of the testatrix to free her slaves —for she expressly provided for their having masters, by directing a sale of them — and, as slaves, they are incapable of taking any thing devised to them for their maintenance.
 
 Cunningham's heirs
 
 v.
 
 Cunningham,
 
 Conf. Rep. 353.
 

 Under the 8th clause is embraced all the property of the deceased, not previously mentioned in the will. The words are “all the-balance of my property not herein disposed oí”’ — now the slaves are not disposed of in the preceding part of the will, and it is therefore contended, they are, embraced in this clause, and pass into the residuum created by it. The proceeds of the sale are directed
 
 *135
 
 to be divided into three parts ; one third is given to the Associated Reformed Church at Sardis, in Mecklenburg County — one third to her brothers’ and sisters’ children, and one third to be given in substance to the slaves It cannot therefore be, that they were intended to pass under this clause — they cannot be given to themselves. It is true, that whenever a bequest fails from any cause to take effect,, and there be a general residuary clause, the property, so attempted to be given, will pass into the residuum, but any testamentary disposition of property must have a sensible and reasonable construction put upon it. Every portion then of the property of the testatrix, which could form a portion of that fund, is to be embraced in it, as the property, given to the different slaves in the preceding part of the will ; and which they could take, together with the property not previously mentioned. As to the slaves, the testatrix died intestate, and thej'- pass to the next of kin. The next of kin contend, that as the Associated Reformed Church is not incorporated, they could not hold property, and the bequest to them is void. The Legislature has provided a mode, by which religious societies may hold property without an incorporation. Rev.
 
 St. Ch.
 
 99,
 
 Sec.
 
 93. The members of this society have availed themselves of the act, and their trustees are parties to this suit, and claim the share bequeathed to them. The bequest is a valid one, and so is the bequest of one third to her brothers’ and sisters’ children, who take it
 
 per capita.
 
 The gift is to the children, and they all stand in the same degree of relationship to the testatrix 1
 
 Roper on Leg.
 
 120. The parents were all dead at the making of the will. John Dearmond is not entitled to any portion of this legacy. He was the illegitimate child of Jane Kirkpatrick, one of the sisters. The word child or children being, in law, considered,
 
 prima
 
 facie, to mean, legitimate children. If, therefore, a bequest be to the child of the testator,
 
 *136
 
 or to the child of another person, or to one or more of them, and nothing appears from the will, sufficient to show that illegitimate children were intended to be included under the word children, that class of children wiil be excluded. 1
 
 Roper on Leg.
 
 79
 
 Williamson
 
 v.
 
 Adam,
 
 1st Vez. & R. 465,
 
 Thompson and McDonald, 2
 
 Dev. & Bat. Eq. 463. There is nothing in this Will to show, that the testatrix, in using the word children, intended to embrace il« legitimate children. Her language is “my brothers’ and sisters’ children.” If she had had but one sister, who had one child, and brothers, who had children, the language would have been the same.
 

 The bequests to Mose and Nelly and the other negroes are all void, and, except the money from the valuation, the whole of such property is included in the direction for the sale in the Sth clause.
 

 To conclude: the Glass plantation passes under the 2d clause to theplaintiffs. Secondly, the slaves are undisposed of by the will, and, as to them, the testatrix has died intestate. So also, as to the one third of the proceeds of the sale, directed in the 6th clause, both the slaves and that third go to the next of kin, except as herein afterstated.
 

 Thirdly. Under the 6th clause is embraced all the property, belonging to the testatrix, both real and personal, except the slaves and the Glass plantation, and including the personal property', attempted to be given to the sla%Tes, all of which is to be sold, and of the proceeds, one third goes to the brothers’ and sisters’ children, excluding John Dearmond, and one third to the trustees of the Associated Reformed Church in Mecklenburg County, at Sardis.
 

 As to the one third of this fund given to the slaves, it passes to the next of kin, except that portion of if, arising from the sale of the land, and that will go to the heir at l.aw of the testatrix, as so much land,
 

 Per Curiam.
 

 Decree accordingly,