Battle, J.
 

 The bill is filed by the plaintiffs, as executors of Thomas Roper, for the purpose of obtaining the advice of the Court, as to the proper construction of the 13th clause of the will of their testator. That clause is in the following words: “I will and direct that all cash in hand, &c., and-
 
 *17
 
 every other species or description of property, not otherwise divised or named in this will, that I may own, at my death, shall be divided equally among the following heirs:— my son John W. Roper, my grandson John T. Roper, Mourning Oapel’s, children that she has now, or may hereafter have, Nancy Tyson’s children, that she has now, or may have hereafter, Martha Gay’s children, that she has now or may hereafter have. James T. Roper’s children that he has now, or may have hereafter, each one to share an equal proportion, share and share alike.”
 

 The first, and main question is, do. the children of the testa-tator’s three daughters and those of his son James, take
 
 per
 
 capita, with his son John
 
 W.
 
 Roper, and his grandson John T. Roper ? Or do the legatees mentioned in this clause take
 
 per stirpes ?
 

 The general rule, in bequests of this kind is, that the persons described in a class, take in the same way as if each individual composing the class, were called by his proper name, and, therefore, that each takes a share with the other persons named, among whom the division is to be made. This is clearly shown by the cases of
 
 Northey
 
 v.
 
 Strange,
 
 1 Peer Williams, 340; Bl
 
 ackler
 
 v.
 
 Webb,
 
 2 Ibid, 383;
 
 Ward
 
 v.
 
 Stowe,
 
 2 Dev. Eq. 509;
 
 Bryant
 
 v.
 
 Scott,
 
 2 Dev. and Bat. Eq. 155, to which the plaintiffs counsel lias referred us. But, there is an exception to the general rule, quite as well established as the rule itself: that if there be any thing in the will indicative of the intention of the testator, that the persons described in a class shall take as a unit, then the division shall be
 
 per stirpes,
 
 and not
 
 per capita.
 
 See
 
 Bivens v. Phifer,
 
 2 Jones’ Rep. 436, where most, if not all the preceding cases in this State, on the subject, are referred to, and see, also, the subsequent case of
 
 Lowe
 
 v.
 
 Carter,
 
 2 Jones’ Eq. 377;
 
 Gilliam
 
 v.
 
 Underwood,
 
 3 Jones’ Eq. 100, and
 
 Lockhart
 
 v.
 
 Lockhart,
 
 Ibid, 205. The only inquiry in the case now before us, then, is, whether the will affords any indication of the testator’s intention that the division, which he has directed, shall
 
 be per stvrpes,
 
 instead of
 
 per capita,
 
 and we are clearly of opinion that there is.—
 
 *18
 
 The clause in question, it will be perceived, not
 
 only provides
 
 for the existing children of the three daughters of the testator, and of his son James, but, also, for such as they might have at any time thereafter. Such a provision, it is competent for a testator to mate, as we have recently decided in
 
 Shull v.
 
 Johnson, 2 Jones’ Eq. 202, and
 
 Shinn
 
 v. Motley, 3 Jones’ Eq. 490. If then, a division is to be
 
 madeper capita
 
 between the children of the daughters, and of the son James, and the son John
 
 W.
 
 Roper, and grandson, John T. Roper, the respective shares of the two
 
 latter,
 
 would be altered
 
 and
 
 diminished [; with the birth of each after-born child of the testator’s daugh- | ters and son James. Such a result would be very inconven-
 
 ¡
 
 ient, and could have hardly been in the contemplation of the 'testator. Pie might very well intend, and no doubt did intend that 'the shares to which each family of children should be entitled, should be distributed among all the children whom their respective mothers or fathers, might have at any time, during their lives, which would, of course, cause those shares to vary as each successive child came into being. In every family the amount which any child may reasonably expect from the bounty of his parents, is necessarily diminished with the increase of the numbers of his or her brothers and sisters, and in the same way, a fund which a testator may bestow upon a class of persons, each of whom will be equally near to him in blood or affection, may very properly be so given as to be subject to a new division, as the class is enlarged by the by the birth of other children. The inconvenience of such an arrangement, is the necessary consequence of a provision by means of a common fund for after-born children. If confined as to each share,
 
 to
 
 a single family, the inconvenience will not be very great, but if it be extended to a number of persons and families, all of whom are to be affected by the coming into existence of a new participant of the fund, it will be almost intolerable, and the Court must suppose that no testator intended it, unless the language of his will is too plain to admit of any other interpretation. In the present case, we think the clause of the will which raises the difficulty, does
 
 *19
 
 admit of another interpretation, which is quite as consistent with the letter, and much more in accordance with the spirit, of the language which the testator has employed to express his intention. The property mentioned in the clause, is directed to be “ divided equally among the following heirs.” The question is, what is meant by the word “heirs;” for it is manifest that the expression “ each one to share one equal proportion, share and share alike,” refers to “each one” of those whom the testator calls “heirs.”
 
 We
 
 cannot say that the meaning of the term “heirs,” is clear of doubt, but we are of opinion that the strong probability is that the testator intended, by the use of that term, to signify that John
 
 W.
 
 Roper was one heir, his grandson, John T. Roper, was a second heir, the children of his daughter, Mourning Capel, were together a third heir, in the place and stead of their mother, and so on.
 
 We
 
 the more readily adopt this construction, because the testator takes notice, in other parts of his will, that his three daughters, Mourning Capel, Nancy Tyson, and Martha Cay, and his son James were alive, and he would more properly have called them “his heirs” if he had not preferred to give the property mentioned in the 13th clause to their children, instead of to them. The grandchildren,,.could, in no sense, be heirs to the testator,'during the lives of their mothers and fathers, but the testator could, without any great impropriety, call them so, when he substituted them in the place of their parents. But in doing this, h.e would necessarily mean that eacn class of children should represent the respective mothers and father, and take what each mother and father would have done, had the property been given to them instead of their children. The conclusion is, that the division directed by the clause in question, must
 
 be per
 
 stirpes, and
 
 not per capita.
 

 The main question upon which the executors desire the instruction of the Court, being thus settled, there is no difficulty in disposing of the others.
 

 No time for the division being fixed by the will, the parties were entitled to have had it made as soon after the death of
 
 *20
 
 the testator, as the executors were ready to make a final settlement of the estate.
 

 The shares to which the children of the daughters and son James are respectively entitled, may be paid over to their respective guardians. The share of each class will be subject to division among the children born, or to be born. When any child of a class shall come of age, and demand his share, he may bo required to give security for refunding, if the birth of another child, in his class, shall render it necessary.
 

 Per Curiam, Decree accordingly.