Battue, J.
 

 The testator, at the time of his death, left several children, and two sets of grand-children, the children respectively of a deceased son and daughter. After a few devises and bequests in his will, he adds:
 
 “
 
 The balance of all my estate, real and personal, to be equally divided amongst my heirs, except John Burgin, who has treated me badly, and now owes me six hundred dollars, which he refuses to pay. I forgive that and nothing more of my estate.” John Burgin, thus spoken of, was the husband of the testator’s deceased daughter, and is the father of one of the sets of his grandchildren above mentioned. The balance of the estate contained in the residuary clause of the will, comprises the greater part of the testator’s property, and a question is made whether it is to be equally divided between the testator’s heirs
 
 per sti/rpes ox per capita.
 
 It is well established as a general rule, that if a testator gives an estate to be equally divided between A and B, and the heirs of C, and the latter has several children, the division will be
 
 per capita
 
 / but if there be any thing in the will indicative of an intention that the devi-sees or legatees shall take as families, the general rule will not apply, and the property will be divided
 
 per stirpes,
 
 and not
 
 per capita.
 
 For instances in which the genera! rule was ap
 
 *427
 
 .plied, see
 
 Ward
 
 v.
 
 Stowe,
 
 2 Dev. Eq. 509;
 
 Bryant
 
 v.
 
 Scott,
 
 2 Dev. and Bat. Eq. 155;
 
 Harris
 
 v.
 
 Philpot,
 
 5 Ired. Eq. 134;
 
 Cheeves
 
 v. Bell, 1 Jones’ Eq. 234, and
 
 Feimster
 
 v.
 
 Tucker,
 
 ante 69; and for instances of an exception to the general rule, see
 
 Spivey
 
 v.
 
 Spivey,
 
 2 Ired. Eq. 100;
 
 Martin
 
 v.
 
 Gould,
 
 2 Dev. Eq. 305;
 
 Henderson
 
 v. Womack, 6 Ired. Eq. 437;
 
 Bivens
 
 v.
 
 Phifer,
 
 2 Jones’ Rep. 436;
 
 Lowe
 
 v.
 
 Carter,
 
 2 Jones’ Eq. 377;
 
 Gilliam
 
 v.
 
 Underwood,
 
 3 Jones’ Eq. 100;
 
 Lockhart
 
 v. Lockhart, Ibid 205, and
 
 Roper
 
 v.
 
 Roper,
 
 ante 16. The present case differs from all those to which we have referred, either as falling under the general rule, or as being exceptions to it. The gift of i^property is to the testator’s own heirs, equally to be divided among them. As to the real estate, we think the division must be
 
 per stirpes,
 
 either because the devise is inoperative, and the heirs take by descent, or, if the expression
 
 “
 
 equally to be divided amongst my heirs,” make them take by purchase, the rules of descent must be resorted to for the purpose of ascertaining who are the testator’s heirs, to take as purchasers, and the rule in relation to the right of representation, must be observed as well as any other. Ascertaining, thus, that the rule of division,
 
 per stirpes,
 
 applies to the real estate, it must likewise apply to the personal estate, because it is manifest that the testator intended that both kinds of his property should go together.— There is another ground on which, we think, the division
 
 per stirpes
 
 must be applied to the present case. The testator seems to have thought that John Burgin was One of his heirs, because he had been the husband of his deceased daughter. In excluding him from the division among his heirs, the inference is almost irresistible, that he intended to exclude his children, also, for whom he supposed their father to stand. He failed in the accomplishment of his purpose, because John Burgin is not one of his heirs, but his children, as a class, are. He evidently designed to cut them off as a unit, but as he did not do so, and they can come in under the description of his heirs, they must come in as a unit, and must take
 
 per stirpes,
 
 as representatives of their mother. If this argument be well
 
 *428
 
 founded, it must apply also to the children of the testator’s deceased son, for we cannot believe the testator intended one class of his -grand-children should be regarded in a different light from the other. It is too well settled to need the citation of many authorities for its support, that the term “heirs,” when used with reference to those to whom personal estate is given, means those who take by law, or under the statute of distributions;
 
 Kiser
 
 v.
 
 Kiser,
 
 2 Jones’ Eq. 28;
 
 Brothers v.
 
 Cartwright, Ibid 113.
 

 A decree may be drawn for the settlement and division of the estate, both real and personal of the testator, among his heirs and next of kin,
 
 per
 
 stirpes, according to the principle declared in this opinion.
 

 Pee CueiaM, Decree accordingly.