Battle, J.
 

 The will of the testator consists of only five short dispositive clauses, yet the plaintiff's counsel suggests several difficulties which have arisen as to the proper construction of it, upon which he asks our advice and direction :
 

 1. In the first clause of the will the testator gives his
 
 *6
 
 wife twenty dollars in money and several personal chattels, absolutely, and three negro slaves, to wit, Tom, Frank and Dilly, for life, making no other disposition of these specifically. In the fifth clause he says: “It is my desire that the balance of my property be sold, and the money arising therefrom be equally divided amongst all of the legatees named in the will, except the Masons.” The testator’s wife died in his life-time, and it is asked, do the money, personal chattels and negroes fall within the residue, to be sold for division as prescribed in the residuary clause? The answer is, there is nothing restrictive in that clause to prevent it from embracing all the articles, except the money. This is established by many cases, and punong others by
 
 Jones
 
 v. Perry, 3 Ire. Eq., 200.
 

 2. The testator died possessed of money, notes, bonds, and other evidences of debts, which are not disposed of by the will, unless they are included within the terms of the residuary clause, and it is asked again, do they pass by it, or do they go to the next of kin as personalty undisposed of? It is settled by several cases that, as they are not the subject of sale by auction, they cannot pass by such a clause. See
 
 Pippin
 
 v.
 
 Ellison,
 
 12 Ire., 61.
 
 Scales
 
 v.
 
 Scales,
 
 6 Jones’ Eq., 163. The money, then, including the lapsed legacy of $20, together with the notes, bonds and other evidences of debt, must be distributed amongst the next of kin of the testator.
 

 3. The four children of the testator’s deceased daughter, Nancy Pulty, have legacies given to each of them by name in the third clause of the will, while the children of his son John are mentioned as legatees in the second clause
 
 as a class,
 
 by the description of children. The questions are, do the children of John take at all under the residuary clause? and if they do, is the division to be
 
 per capita
 
 among the Pully, and the John Earp, children, or do the latter take o.nly one share as a.class.? It is settled that John Earp’s
 
 *7
 
 children do take as legatees, and take*per
 
 capita
 
 with their cousins, the Pully children. See
 
 Tucker
 
 v.
 
 Tucker,
 
 5 Ire. Eq., 82.
 

 4. The residuary clause directs an equal division “amongst all the legatees named in the will except the Masons,” and a question arises, whether the testator’s wife, who died in his life-time, and his son John, who took but a life estate in certain lands and slaves and a small sum of money, are to be regarded as legatees, entitled each to a share of the residue? We can see nothing to exclude them. Another question is then presented, as to what is to become of the wife’s share of this residue, which lapsed by her death in the testator’s life-time. For the reasons given by us in the case of
 
 Winston
 
 v.
 
 Webb, ante
 
 p. 1, the wife’s share of the residue cannot go to the other residuary legatees, but must go to the next of kin of the testator. The consequence is, that the residue must be equally divided,
 
 per capita,
 
 amongst John Earp, his children and the Pully children, reserving a share for the wife, which, having lapsed, is to be distributed according to law among the next of kin.
 

 In the second clause of the will, the testator lends to his son John, for life, three negroes which he had put into his possession, and at his death to be equally divided between his and his sister Nancy Pully’s children, adding “ the increase from the above named negroes, since they have been m possession of my son John, I wish to be divided between his children that may be'livinir at his death.” The counsel for some of the defendants suggests a doubt as to the proper construction of the clause. The question put is, does the increase belong to John for life by implication, or is it undisposed of in that clause, so as to go into the residue mentioned in the last clause? We answer that John cannot take it, because personal chattels are never so taken, by implication, under a will.
 
 White
 
 v.
 
 Green,
 
 1 Ire. Eq., 46.
 
 *8
 
 ]t follows that it mffst fall into the residue, to be disposed of in the manner which we have herein before declared.
 

 Let a decree be drawn in accordance with this opinion, directing such accounts as may be needed, &c.
 

 Per Coriam.
 

 Decree accordingly.