L. BROGDEN, Executor of ELIHU SATER et al., Ex Parte.

(Filed 13 October, 1920.)

1. **Wills—Sale of Lands—Conversion—Equity—Personalty—Courtesy.**

   When, under the direction in the will, the lands of the testator have been sold, the property becomes personalty, and not subject to the tenancy by the courtesy of the husband of a deceased beneficiary.

2. **Wills— Devise— Sales— Named Beneficiaries— Equal Division — Per Capita—Equal Degree of Kin.**

   A devise that the remainder of testator's property be sold and the proceeds equally divided between the named children of his "two sisters"; the children so named, without further light being shed upon this devise by other portions of the will, take *per capita*, the words, "children of my two sisters," being merely descriptive, and were this intent of the testator doubtful, the fact that the persons so designated were in equal degree of kin to the testator may be considered.

Appeal by all parties, except the executor and Marcom heirs, from *Kerr, J.,* at September Term, 1920, of Wake.

This was an action submitted without controversy, for the construction of the following clause in the will of Elihu Sater:

*Item 3.* "The remainder of my real estate, with all my personal property, I desire to be sold, and to be equally divided between my two sisters' children, Johnie Rogers and Fannie Buchanan, and Will Marcom, Luther Marcom, Felix Marcom, and Walter Marcom, Lena Conyers, and Lula Upchurch."

Johnie Rogers and Fannie Buchanan were the children of one of the testator's sisters, and the six others named in this item were the children of the other sister.

The executor has settled the estate and sold the land, and has in hand for distribution under said item 3 about $10,000. No other provision in the will sheds any light on this item. All the persons named in item 3 are alive except Fannie Buchanan (who died after the testator, leaving a husband, Luther Buchanan, who is a party to this action). She had seven children, one of whom, Mrs. W. T. Rowland, died before the testator, leaving five children, all of whom are under age, and are represented in this action by L. T. Buchanan as next friend duly appointed.

The other six children of Mrs. Buchanan, and also Luther Marcom, Will Marcom, Felix Marcom, Walter Marcom, Lena Conyers, and Lula Upchurch are parties to this action.

The following questions were presented to the court for its decision, upon the foregoing facts: (1) Is Luther Buchanan, husband of the said Fannie Buchanan (she having survived the said Elihu Sater), entitled to courtesy in the said fund? (2) Do the parties named in item 3 of the will take *per stirpes* or *per capita?* That is to say, does Johnie Rogers take one-eighth, or does he take one-half of one-half, and do the Marcom children take one-eighth each, or do they each one-eighth of one-half?

From the judgment thereon the parties, other than the executor and the Marcom heirs, appealed.

*Winston & Brassfield for L. L. Brogden.*
*Douglass & Douglass for L. T. Buchanan.*
*Armistead Jones & Son for J. R. Rogers.*
*R. W. Winston for Marcom heirs.*

Clark, C. J. The court below properly held that neither of the two husbands surviving take anything as tenants by courtesy. The will having directed the realty to be sold and proceeds divided, it became personalty.

The court also properly held that the provision that the proceeds should be *equally divided* between the persons referred to should be construed as a devise *per capita,* and not to the children of the sisters *per stirpes.* *Culp v. Lee,* 109 N. C., 677, and numerous cases there cited. This is simply a devise to the eight persons named, the words "two sisters' children" being merely descriptive.

The words "equally divided" can mean nothing except *per capita.* *Hastings v. Earp,* 62 N. C., 5. Besides, the legatees are all named in the will, and such being the case, they always take *per capita.* *Waller v. Forsythe,* 62 N. C., 353, cited and approved, *Howell v. Tyler,* 91 N. C., 212. This is a general rule, except when a contrary intent appears "by looking into the other provisions of the will." *Howell v. Tyler, supra,* 213, citing note to *Bryan v. Scott,* 21 N. C., 155. To the same purport, *Marsh v. Dellinger,* 127 N. C., 364, and 40 Cyc., 1473, 1491, and cases cited. These legatees named are of equal degree to the testator, which is taken into consideration in cases where the intent of the testator is at all doubtful.

"Whenever, as a class, the beneficiaries are individually named or designated *by their relationship to some ancestor,* living at the date of the will, whether to the testator or to some one else, they share *per*

*capita* by natural inference, and not *per stirpes*.  Schouler on Executors, p. 683; *Shull v. Johnson,* 55 N. C., 202.

Fannie Buchanan, who was living at the death of the testator, was entitled to one-eighth, which is to be divided between her seven children, the children of her daughter, Mrs. Rowland, taking their mother's share (one-seventh of one-eighth) between them.  Her brother, Johnie Rogers, is entitled to one-eighth, and the six children of the other sister of the testator, *i. e.,* the four Marcoms, Lena Conyers, and Lula Upchurch each take an eighth.

Affirmed.