### W. R. MITCHELL v. MRS. IDA PARKS ET AL.

(Filed 24 December, 1920.)

**Wills—Devise—Estates—Per Capita—Intent.**

> Nothing appearing in the will to the contrary, a devise to testator's wife of one-third of his lands for life, and at her death, "all of this property shall go to the heirs of N.," and to "the bodily heirs of J.," carries the land to the "heirs of N.," and the "bodily heirs of J.," upon the termination of the life estate devised to the wife, *per capita* and not *per stirpes;* and this interpretation is especially applicable when construing the will as a whole, and in its connected parts, the language of the testator manifestly imports this intent.

APPEAL by defendant from *McElroy, J.,* at Spring Term, 1920, of STOKES.

Special proceedings for partition among the parties of a tract of 162½ acres, which was allotted, under the will of Rolley Brim to Katharine Brim, the widow of Rolley Brim, and the rights of the parties depend upon the construction of item 2 of his will, which, with some other sections, is as follows:

"Item 2. I give and bequeath to my wife two good beds and one cow. . . . Also I bequeath to her one-third of all my real estate, including my homestead, after all my debts are paid, during her widowhood. At my widow's death all this property shall go to the heirs of Nancy Ann Mitchell (dec.), wife of Jerry Mitchell, and to the bodily heirs of Jemima Edna Boaze, the wife of Abraham Boaze.

"Item 4. I give and bequeath to the heirs of my daughter Nancy Ann Mitchell, now (dec.) wife of Jerry Mitchell, one-half of the remainder of my estate to hold forever.

"Item 5. I give and bequeath to the heirs of Jemima Edna Boaze (wife of Abraham Boaze) the remainder of my estate to hold forever.

"Item 6. I devise that the heirs above named under my said will shall not have the right to sell or convey any real property conveyed under my said will within a period of twenty years after my death. After the period of the said twenty years, they may sell or convey the same at will.

"Item 7. If any of the above named heirs should die (within the said period of twenty years) without issue of them of their own body, all the rights and heirship shall cease as to the real property of my estate."

The court held, and so adjudged, that under item 2 of the will the division must be made *per stirpes* and not *per capita.* Defendants appealed.

*W. R. Badgett and N. O. Petree for plaintiffs.*

*J. D. Humphries, Sams & Sams, and McMichael, Johnson & Hackler for defendants.*

WALKER, J., after stating the case: The question before us calls for a construction of item 2 of the will, and its meaning must be determined by a consideration of the entire instrument in order to ascertain what was the intention of the testator. It is generally held that a devise or bequest to the children of two or more persons, whether expressed as to the children of A. and B., or to the children of A. and the children of B., or to other relatives of different persons, usually means that such children or relatives shall take *per capita* and not *per stirpes,* unless it is apparent from the will that the testator intended them to take *per stirpes.* But a devise or bequest to the heirs of several persons will usually go *per stirpes.* 40 Cyc., 1495. The text is sustained by the authorities cited in the note. *Alder v. Beall,* 24 Md., 123 (11 Gill & Johnson); *Bassett v. Granger,* 14 Md., 348; *Preston v. Brandt,* 96 Mo., 552; *Guild v. Allen,* 28 R. I., 430; *Ross v. Kiger,* 42 W. Va., 402-412. It was held below in *Alder v. Beall, supra,* a case very much like ours, that, under a devise and bequest in these words, "The residue of my estate, real and personal, to be equally divided between the children of my sister, Anna Latimer, and their heirs forever, and the children of my sister, Penelope Beall, and their heirs forever," the personal estate of the testator should be divided among the legatees *per stirpes,* giving half to the children of each sister, and this was affirmed by the appellate Court. *Dyer v. Dyer,* 1 Minvale, 414. It is said in Schouler on Wills, 1 vol., sec. 537, that the use of the words "heirs" or "bodily heirs" or "heirs and assigns," and such like expressions, signify, at least *prima facie,* that the gift was to take effect *per stirpes* and not *per capita.* And this distinguishes the case at bar from those relied on by the counsel in his learned argument before us where the expression was "to children," or "to children to be equally divided between them," or "to children naming them," as in *Culp v. Lee,* 109 N. C., 675; *In re Brogden* (at this term). The cases we have cited, taken at random from those in other jurisdictions, are fully supported by our own decisions, such as *Lowe v. Carter,* 55 N. C., 377, where the provision was, "It is my desire that the personal property belonging to my estate be sold, and the proceeds of the said sale be equally divided between the bodily heirs of my three daughters, viz.: Elizabeth Russell, Sarah Carter, and Catharine King," this Court held that the division should be *per stirpes,* which strongly supports our view; and in *Gilliam v. Underwood,* 56 N. C., 100, the testator, in the fourth item of his will, directed as follows: "After settling up all of my just claims, if anything remains it shall be equally divided between my daughter Lucy, my son John's children, and my son Berry Underwood," held the division should be *per stirpes.* The words were, in *Lockhart v. Lockhart,* 56 N. C., 205: "It is my will, after paying my just debts, that all my property of every kind and description, not disposed of in

the above items of this will, be equally divided between the children of my deceased son, Jno. J. Lockhart, and my sons Benjamin F. Lockhart and Joseph G. Lockhart," and the Court held that the division was *per stirpes,* and that the children of John J. Lockhart, deceased, took as a class and not *per capita.* See, also, *Bivins v. Phifer,* 47 N. C., 436; *Henderson v. Womack,* 41 N. C., 437; *Martin v. Gould,* 17 N. C., 305; *Spivey v. Spivey,* 37 N. C., 100; *Lee v. Baird,* 132 N. C., 766; *Roper v. Roper,* 58 N. C., 16; *Burgin v. Patton, ibid.,* 425. The case last cited closely resembles this one in its facts. Our case, we think, is stronger for a *per stirpes* division than any of those we have cited.

It will be observed that throughout the will the testator uses the word "heirs" to describe those who shall take his estate, and in the seventh item he provides that if any of "the above named heirs" should die "within the said period of twenty years without issue of their own body, all the rights and *heirship* shall cease as to the real property." He evidently intended not a single class taking among themselves, but those who should take by classes or families in the quality or character of heirs; and, besides, in items four and five he actually divides the estate into halves, one of which should go to Nancy's children and the other to Jemima's, which, of course, is a division *per stirpes.* This tends to show that he was of the opinion that in item 2 he had used words sufficient to create a division *per stirpes,* though his language is somewhat obscure, or less clear and definite than it is in items 4 and 5. He meant that it should be divided in the same way both as to the 162-acre tract and the remainder of his estate. This, of course, is said regardless of the great weight of authority as to how such language should be interpreted, it being *per stirpes.*

We are, therefore, satisfied that we have reached the right conclusion as to his "true intent and meaning," and we accordingly affirm the judgment.

Affirmed.