KATIE M. WOOTEN AND HUSBAND, R. E. WOOTEN; WILLIAM A. MOSE-LEY AND WIFE, ADA MOSELEY; B. D. PATRICK AND WIFE, ELLA B. PATRICK; WALTER PATRICK AND WIFE, WILLIE J. PATRICK; LIZZIE J. DIXON AND HUSBAND, JOHN L. DIXON; AND MRS. RACHEL S. TULL, v. MABEL M. OUTLAND; RACHEL MOSELEY; MAMIE E. JARMAN AND HUSBAND, TOLSON JARMAN; RUTH M. VICK AND HUS-BAND, JAMES G. VICK; PAULINE MOSELEY; J. LYNWOOD MOSELEY AND WIFE, RETHA MOSELEY; DAVIS E. MOSELEY, INCOMPETENT; AND BRANCH BANKING & TRUST COMPANY, ADMINISTRATOR C. T. A. OF MRS. ADDIE MOSELEY TAYLOR, DECEASED.

(Filed 10 April, 1946.)

**1. Wills § 34—**

The general rule in this jurisdiction is that where an equal division is directed among a class of beneficiaries, even though they may be described as heirs of deceased persons, or heirs or children of living persons, the beneficiaries take *per capita* and not *per stirpes;* but this rule does not apply if testator indicates' the beneficiaries are to take by families or by classes as representatives of deceased ancestors.

**2. Same—**

In a bequest or devise, as well as under the statute of distributions or the canons of descent, where the beneficiaries take as representatives of an ancestor they take *per stirpes,* but when they take directly under a bequest or devise as individuals and not in a representative capacity, and the testator provides that the division or distribution shall be in equal proportions, they take *per capita.*

**3. Same—.**

A devise of lands to be equally divided among the heirs of named aunts and uncles of testatrix, requires the division to be made *per capita* under the general rule in this jurisdiction.

APPEAL by all the defendants except the administrator, from *Bone, J.,* at September Term, 1945, of LENOIR.

This is a special proceedings instituted before the clerk of the Superior Court of Lenoir County, for the sale for partition of certain lands situate in the City of Kinston and County of Lenoir, devised by Addie Moseley

Taylor, and, for the construction of her will devising and bequeathing the residue of her property, of which said lands are a part.

The testatrix made various bequests to named beneficiaries in her will, and in Item 6 thereof, she stated: "The balance to be equally divided among the heirs of Uncle Gus Moseley, Uncle Lam Moseley, Aunt Florence Patrick, Aunt Launa Jackson and Aunt Darlie Kilpatrick."

The will is dated 15 March, 1938. At that time the two uncles and three aunts referred to in the above residuary clause,. were dead. They were survived by the following number of children respectively: Lam Moseley by seven, Gus Moseley by two, Florence Patrick by two, Launa Jackson by one and Darlie Kilpatrick by one. These thirteen children are the beneficiaries under Item 6 of the will. The court below held that they take *per stirpes,* and entered judgment accordingly. All the defendants except the administrator, appealed to the Supreme Court, assigning error.

*John G. Dawson for plaintiffs.*
*Guy Elliott, J. A. Jones, and Whitaker & Jeffress for defendants.*

DENNY, J.  The only question involved in this appeal is whether the beneficiaries under the residuary clause of the will of Addie Moseley Taylor take *per capita* or *per stirpes.*

The answer to this question is not an easy one. Our Court has experienced a great deal of difficulty in similar cases. In *Stow v. Ward,* 12 N. C., 67, the language construed was as follows: "It is my will, and I do allow, that all the remaining part of my estate, both real and personal, be equally divided amongst the heirs of my brother John Ford, the heirs of my sister Nancy Stow, the heirs of my sister Sally Ward deceased, and nephew Levi Ward." The Court held that under the foregoing residuary clause, the real estate should be divided *per stirpes.* The same case had been before this Court prior thereto, and its opinion reported in 10 N. C., 604, which held the beenficiaries under this residuary clause took *per capita.* When the second decision was handed down, to the effect that the beneficiaries thereunder took *per stirpes* and not *per capita,* the personal property had been divided *per capita.* Whereupon, another action was instituted by *Ward v. Stowe, et als.,* 17 N. C., 509, to compel a redistribution of the personal property *per stirpes.* The Court held that its first opinion construing this will, to the effect that the beneficiaries thereunder took *per capita,* was correct, and that its last opinion to the effect that they took *per stirpes,* was wrong, thus overruling *Stow v. Ward,* 12 N. C., 67.

In *Bryant, Admr., v. Scott,* 21 N. C., 155, in considering the question now before us, the Court said: "All the cases upon the subject were

looked into, and much considered by the Court in the recent case of
*Ward v. Stowe,* 2 Dev. Eq. Ca., 509; and they clearly establish the cor-
rectness of the decree made by his Honor. The only difficulty in that
case arose out of the word *heirs,* there used as the description of the
donees of a residue, in which real and personal estates were complicated.
We were finally of opinion, that in that will, *children,* or, at any rate,
*issue,* were meant by it; and it then followed, of course, upon the author-
ities, as we thought, that the different families of children did not take
collectively or by representation, but severally, and as individuals who
came within the general description. Several Chancellors have, in cases
like this, of gifts to the testator's children, and to the children of deceased
children, expressed the apprehension, that, in distributing *per capita,*
they did not follow the intention; but they have never been able to find
a ground for holding otherwise, and have thought themselves bound to
that construction, although it might not be according to the intention,
rather than adopt the opposite one, which obviously does violence to the
words of the testator. The intention that the grand-children should take
*per stirpes,* is conjectured from the reasonableness of it, as applied to
the state of most families. But when the gift is made under circum-
stances which exclude all reference to the statute of distribution, that
conjecture must be given up; and when to that is added a direction for
an *equal division* among all the donees, no court could feel safe in
making an unequal division."

In *Hobbs v. Craige,* 23 N. C., 332, the residuary clause read as fol-
lows: "The balance of my property to be applied to the payment of my
debts; should there be a surplus, it is my will that it be equally divided
among the heirs of my deceased brother, Samuel Foster, and the heirs
of David Craige." The Court held that the surplus of the testator's
estate should be divided *per capita* among the heirs of the deceased
brother and the children of David Craige.

In the case of *Freeman v. Knight,* 37 N. C., 72, the testator made
provision for certain funds to be equally divided between his heirs. He
left children and grandchildren, who were the children of a daughter who
predeceased him. The Court held that "Where personal property is
given *simpliciter* to 'heirs,' the statute of distributions is to be the guide,
not only for ascertaining *who* succeed, and who are 'the heirs,' but *how*
they succeed, or in what proportions do they respectively take. But as
the donees claim not under the statute, but under the will, if the will
itself directs the manner and the proportions in which they are to take,
the directions of the will must be observed, and the guidance of the
statute is to be followed no further than where the will refers to it—
that is to say, for the ascertainment of the persons, who answer to the
description therein given. The testator has here directed the manner

of distribution—the proceeds are to be 'equally divided.' The division directed by the will must be obeyed, and the children of the deceased child take equal shares with the widow and surviving children."

The general rule in this jurisdiction is to the effect that where an equal division is directed among a class of beneficiaries, even though they may be described as *heirs* of deceased persons, *heirs* or *children* of living persons, the beneficiaries take *per capita* and not *per stirpes*. *Shull v. Johnson,* 55 N. C., 202; *Hastings v. Earp,* 62 N. C., 5; *Waller v. Forsythe,* 62 N. C., 353; *Britton v. Miller,* 63 N. C., 268; *Culp v. Lee,* 109 N. C., 675, 14 S. E., 74; *Leggett v. Simpson,* 176 N. C., 3, 96 S. E., 638; *Ex parte Brogden,* 180 N. C., 157, 104 S. E., 177; *Burton v. Cahill,* 192 N. C., 505, 135 S. E., 332; *Tillman v. O'Briant,* 220 N. C., 714, 18 S. E. (2d), 131; see Annotations 16 A. L. R., 79.

This rule, however, will not control if the testator indicates the beneficiaries are to take by families or by classes as representatives of deceased ancestors. *Martin v. Gould,* 17 N. C., 305; *Spivey v. Spivey,* 37 N. C., 100; *Henderson v. Womack,* 41 N. C., 437; *Bivens v. Phifer,* 47 N. C., 436; *Lowe v. Carter,* 55 N. C., 377; *Gilliam v. Underwood,* 56 N. C., 100; *Lockhart v. Lockhart,* 56 N. C., 205; *Burgin v. Patton,* 58 N. C., 425; *Grandy v. Sawyer,* 62 N. C., 8; *Harper v. Sudderth,* 62 N. C., 279; *Howell v. Tyler,* 91 N. C., 207; *Mitchell v. Parks,* 180 N. C., 634, 105 S. E., 398.

In a bequest or devise, as well as under the statute of distributions or the canons of descent, where the beneficiaries take as representatives of an ancestor they take *per stirpes, In re Poindexter,* 221 N. C., 246, 20 S. E. (2d), 49, 140 A. L. R., 1138. But, when they take directly under a bequest or devise as individuals and not in a representative capacity, and the testator provides that the division or distribution shall be in equal proportions, they take *per capita*.

We are not inadvertent to what *Walker, J.,* said, in speaking for the Court, in *Mitchell v. Parks, supra,* to wit: "A devise or bequest to the heirs of several persons will usually go *per stirpes*." Ordinarily that is true, where there is no language in the devise or bequest to indicate a different intent on the part of the testator. But here an equal division among the heirs of the uncles and aunts is directed by the testatrix.

It is also pointed out in *Burton v. Cahill, supra,* that where the intent is doubtful, the degree of consanguinity may be considered, citing *Kirkpatrick v. Rogers,* 41 N. C., 130, and *Ex parte Brogden, supra.* All thirteen of the beneficiaries under the residuary clause in Addie Moseley Taylor's will, were her cousins and of equal degree of consanguinity.

After carefully considering the testamentary provision before us, and the opinions herein cited, we think these beneficiaries constitute but one

class and take *per capita* as individuals, and not *per stirpes* as representatives of their respective ancestors.

The judgment of the Court below is
Reversed.