By its proper construction, the clause in the will of Mary Rhodes which has given rise to this controversy should read: "I give and bequeath to all the rest of the children of my niece, Mary Pickett, as well those she may hereafter have as those she now has, two slaves, Maria and Jim, to share equally."
(617) This removes all obscurity, and by it all of the children (except Mary Jane) as well males as females, and as well those born after the death of the testatrix as those born before, are entitled to a share. Shinn v. Motley, 56 N.C. 491; Shull v. Johnson, 55 N.C. 202, are directly in point, and the question in regard to after-born children, when there is an express intention to include them, although there be no intervening estate, is fully explained.
Decree accordingly. Costs to be paid out of the fund.
NOTE. — Where a legacy is given to a class, as to the children of A., with no preceding estate, such only as can answer at the death of the testator can take, for the ownership is then to be fixed, and the estate must devolve upon those who answer the description. When, however, there is a preceding life estate, so that the ownership is filled for the time, and there is no absolute necessity to make a peremptory call for the taking of the ultimate estate, the matter is left open until the determination of the life estate, with a view of taking in as many objects of the testator's bounty as come within the description and then answer to the call, when it is necessary for the ownership to devolve and be fixed. Walker v. Johnston,70 N.C. 576. *Page 405