Battle, J.
 

 If that clause of his will by which the testator directed that his son Matthew Phifer’s heirs, his son David Phifer’s heirs, his son Ezra Phifer’s heirs, his daughter Rachel Biven’s heirs, his daughter Martha Craig’s heirs, his son Mc-Callum Phifer, and his widow Elizabeth Phifer, should take his estate after being converted into money, share and share alike, had stood alone, then according to the general rule, established by several adjudications of this Court, the legatees would take
 
 per capita
 
 and not
 
 per stirpes. Ward
 
 v.
 
 Stowe,
 
 2 Dev. Eq. 509;
 
 Harris
 
 v.
 
 Philpot,
 
 5 Ire. Eq. 324;
 
 Cheeves
 
 
 *439
 
 v.
 
 Bell,
 
 1 Jones’ Eq. 234. But if there be any thing in the will, indicative of an intention that they shall take as families, the general rule will not apply, and the division shall be
 
 per stirpes
 
 and not
 
 per
 
 capita,
 
 Spivey
 
 v. Spivey, 2 Ire. Eq. 100; Martin
 
 v
 
 . Gould, 2 Dev. Eq. 305;
 
 Henderson
 
 v.
 
 Womack,
 
 6 Ire. Eq. 437. The question then, is whether there he in the will before us, any indication of an intention to take the case out of the general rule.- A careful examination of the different clauses of the will, comparing one with another, has satisfied us that there is, and that this appears from at least two cir-stances.
 

 1st. It is manifest from eveiy part of his will and codicil, that the testator intended to make a fair provision for his “ beloved wife,” so far as the amount of his estate and the just claims of his children upon his bount}T, would allow. In construing his will, in order to ascertain what that provision was intended to be, we have a right to look to the condition of his estate as it was found to be at the time wThen his will was made.
 
 Lillard
 
 v. Reynolds, 3 Ire. Rep. 366;
 
 Boys
 
 v.
 
 Williams,
 
 2 Russ. and Myl. Rep. 6 89;
 
 Martin
 
 v.
 
 Drinkwa
 
 ter, 2 Beavan 215. In the latter case Lord LaNgdalb said, “I consider the rule as settled: you are at liberty to prove the circumstances of the testator, so far as to enable the Court to place itself in the situation of the testator at the time of making his will, but you are not at liberty to prove either his motives or intentions.” In the present case it appears that the will Avas written in 1848, the codicil in 1852, and that the testator died in March, 1853. It is not shown or suggested that the value of the estate had materially increased or diminished between the times when the will and codicil Avere executed, and the time when the account was stated by tlie referee in 1855. The whole estate may, then, be taken to have been Avorth about $35,000 when the will was made. Now, if the testator is to be supposed to have intended a
 
 per capita
 
 division among the legatees, in that clause of his will to which avc first referred, his widow would get only about $1500, there being twenty-three claimants: but if a
 
 per stirpes
 
 division
 
 *440
 
 were designed, then her share would be about $5000. "We cannot hesitate in saying that the testator intended to make for her, the latter, and not the former totally inadequate provision ; and that, therefore, the division between his son and kis'grand-children, should be by families, i.
 
 e.per stirpes.
 

 2nd. The other circumstance which has aided in bringing us to this conclusion, is to be found in the fact which is stated by his Honor in the Court below, as the ground of his opinion. It was shown that the testator’s son, McOallum Phifer, was “ a man with a family of children,” and it cannot well be supposed that the testator, in providing for his grand-children, was not willing to put McCallum’s children upon the same footing with the others, by giving their father a share as a stock or root. That the state of the testator’s family may be looked to, in fixing a construction upon his will, see the case of
 
 Lowe
 
 v.
 
 Lord
 
 Huntingtower, 4 Russ. Rep. 432.
 

 Upon the whole, we are of opinion that his Honor was right in overruling the exception to the report of the referee and confirming the report, and that his judgment ought to be affirmed.
 

 Pee Curiam. Judgment affirmed.