LEE v. BAIRD.

(Filed March 22, 1904).

1. WILLS—*Appeal*—*Findings of Court.*

Where parties to an action agree that the court may find the facts and the court adopts the findings of fact in a certain deposition, the supreme court will consider the evidence incorporated in the deposition.

2. APPEAL—*References*—*Wills.*

The refusal of the trial court to order a reference before construing a will is appealable.

3. REFERENCES—*Wills*—*Findings of Court.*

A referee is not bound by the findings of fact of a trial court when such findings were by agreement of parties only for the purpose of construing the will.

PETITION to rehear this case, reported in 132 N. C., 755.

*Merrimon & Merrimon* and *Shepherd & Shepherd,* for the petitioners.

*F. A. Sondley* and *T. A. Cobb,* in opposition.

LEE *v.* BAIRD.

CONNOR, J. We have given to the petition to rehear this case a careful consideration. We have not "glanced over" but carefully read the well-prepared and well-considered briefs of the learned counsel for the petitioners and the authorities cited. As we stated in our former opinion, 132 N. C., 755, the construction of the will presents serious and difficult questions, to which we then gave our best consideration and investigation. To the suggestion that "there is not the least ambiguity upon the face of Mrs. Baird's will nor any ambiguity arising out of extrinsic facts which call for explanation by parol evidence," it would seem a sufficient answer that counsel of great learning and equal candor have at every stage of this litigation contested every point, and advanced arguments to sustain their contentions, which were entitled to and which have received most respectful consideration. We are met at the very threshold with the contention that in disposing of the Forest Hill property the testatrix used the word "children" when she intended to include "grandchildren"; that she not only meant grandchildren, but that she intended by the word "children" to include the children of one daughter and exclude her other grandchildren. It is further contended that when she used the word "heirs" in the fifth item, she meant "children."

The learned counsel for the plaintiffs in their brief upon the first hearing say: "But we think that this case presents an instance where the Court, to reconcile an apparent repugnancy, will give the words 'all my children' a sense beyond their natural import, and construing items 2, 4, 5 and 7 together will hold that 'grandchildren' are included." With the greatest possible deference to the learned counsel, we think that it would be difficult to find a will of the same length in which there are more ambiguities and difficulties. Counsel, in vigorous but entirely respectful language, urged

that in examining the parol evidence sent to us to enable us "to place ourselves in the place of the testatrix at the time of making her will," we are "indulging in forbidden fruit." The record shows that when the deposition of John R. Baird was opened, the plaintiffs filed certain objections thereto for that the certificate was irregular. The objection was overruled by the Clerk, and his ruling upon appeal was affirmed by the Judge. It is stated that no objections were made before the commissioner to the competency of the testimony, but the Judge at the trial permitted the plaintiffs to file objections, which was objected to by the defendants as not being made in apt time. The record does not show any ruling of his Honor upon these objections, but the case on appeal has this statement: "It having been agreed by counsel for the plaintiffs and defendants that the Judge should find the facts, his Honor announced that he found the facts as stated in the foregoing deposition of John R. Baird, and adopted it as his findings of fact in so far as the construction of the will was concerned, and no further." There was no suggestion that we were to disregard the deposition. We considered it for the same purpose and to the same extent as did his Honor. It did not occur to us that the estimate of values or other statements were conclusive upon the parties upon taking the account before the referee, but that for *the purpose of construing the will* the facts therein stated were taken as true.

In the appellant's brief on the first hearing we found "a brief statement of the case" in accordance with Rule 34, which was followed by these words: "All the foregoing facts are found by the Judge who tried this case in the Superior Court by consent of all parties as set out in the record." The plaintiff's brief made no issue with the defendant's in regard to the facts, but expressly stated on the first page that "the Court found the facts to be as stated

in the deposition, * * * and adopted it as his findings. of fact *in so far as the construction of the will was concerned and no further."* (Italics in the brief). The brief states that the plaintiffs objected to the introduction of the deposition. There was no exception to the action of the Court in admitting it. The only further reference to the deposition is (page 5): "We think that the evidence offered by the plaintiffs to aid the Court in construing the will was incompetent and unnecessary, yet, when duly considered, it confirms the view we have taken." We notice at length these facts because of the language contained in the petition to rehear and the brief filed regarding the action of this Court in considering "extrinsic facts." We can decide cases only upon the record sent us, with the aid of briefs and arguments of learned counsel. If it was intended to insist that Mrs. Baird's will was free from difficulty, and that "there was not the slightest ambiguity in the description of those who are to take in item 7 of the will," it was not so suggested in the brief or argument before us upon the first hearing.

After a careful re-examination of the grounds upon which our opinion at the last term was based, we see no reason for changing the conclusion to which we then came. We fully recognize the principle of law contended for and relied on by the plaintiffs, that where a testator directs his property, whether real or personal, to be equally divided among his heirs, the division must be *per capita* and not *per stirpes,* unless there be something in the will showing a contrary intention. For the reasons given in the former opinion, we think there was evidence in the will, as well as the extrinsic facts, of the intention to take the case out of the general rule, and this upon the principle stated by *Lord Langsdale,* cited in *Bivens v. Phifer,* 47 N. C., 436. The plaintiffs urge that the appeal was premature. In

the light of the record before us in respect to the way by which the case was tried below, we cannot concur with the plaintiffs in this contention. If it was desired to have a reference before the will was construed, it should have been so insisted upon before his Honor, and upon the refusal to order a reference an exception noted or probably an appeal taken. This appeal being by the defendants, that question is not presented for review, but the plaintiffs could have brought it before this Court by exception and appeal upon the refusal of his Honor to order a reference before construing the will. To prevent possible misconception, we desire to say that we concur with the plaintiff's contention that his Honor's findings of fact are to be confined strictly to the construction of the will, and that the referee is in no sense bound thereby in taking the account of the testator's estate as ordered by the judgment below. We do not deem it necessary to repeat the views which we expressed at the last term or the authorities upon which they were based. That we do not do so should not be construed as a failure on our part to carefully examine and consider the arguments and briefs of the learned counsel for the petitioners.

Let the petition be dismissed.