Battle, J.
 

 There is no serious difficulty in either of the questions arising upon the construction of the will of the testator, which the pleadings present for our decision.
 

 1. By the clause “I give and devise to my brothers’ and
 
 *204
 
 sisters’ children, or all my nephews and nieces all my estate,”1 ■&c., the testator manifestly intended to include his nephews and nieces of the half, as well as of the whole blood. They certainly answer the description ; for if they are not nephews and nieces what are they ?
 

 ■ 2nd. The clause “ my nephews and nieces that may be living at or after my decease,” not only embraced those who were living at the testator’s death, but also operated as an executory devise to all those who might be born afterwards. Such an executory bequest is certainly a valid one, and in the present case, no other construction will give effect to the words living “ after my decease.” Each nephew or niece who has been born since the death of the testator, or who may come into existence hereafter, is, and will be entitled to a share of the estate, and the executor in paying over the shares, respectively, of the present claimants, will have a right to demand a bond for refunding what may be necessary to |3ay the portion of such nephews and nieces as may hereafter be born. It is hardly necessary to say that great nephews and nieces will not be embraced.
 

 3rd. Tire legatees will take
 
 per capita
 
 and not
 
 per stirpes.
 
 The testator has made no distinction of families, and the nephews and nieces all take equally, share and share alike.
 

 , The plaintiffs are entitled to a decree for an account, if they desire it, and for the payment of their legacies upon the principle of division herein before set forth.
 

 Pee CuRIAm. Decree accordingly.