Battle, J.
 

 When slaves or other personal chattels are bequeathed to two or more persons, immediately, as tenants in common, with a limitation over to the survivors or survivor, if, or in case that, one or more of them die, it is settled that, unless a contrary intent appear from other parts of the will, those who survive the testator will take absolutely. The rule which thus refers the period of survivorship to the death of the testator, was first laid down by Lord Chancellor
 
 Oowper
 
 in the case of
 
 Lord Bindon
 
 v.
 
 The Earl of Suffolk,
 
 1 Peere Will. 99, was followed by many cases in England, and has been recognised in this State in the cases referred to by the plaintiff’s counsel, of
 
 Hogg
 
 v.
 
 Cox,
 
 2 Dev. Eq. Rep. 121;
 
 Hilliard v. Kearney,
 
 Busb. Eq. Rep. 222; and
 
 Biddle v.
 
 
 *224
 

 Hoyt,
 
 1 Jones’ Eq. Rep. 159. The reason of the rule is given by sir John Leach Yice Chancellor, in
 
 Allen
 
 v.
 
 Farthing,
 
 (reported in 2 Jarman on Will's, 688, 689,)
 
 “
 
 that where a testator refers to death simply, the word’s- are necessarily held to mean death in his (the testator’s) life-time, the language expressing- a contingency, and death generally being not a contingent event.” If there be any time subsequent to the death of the testator; to which the period of survivorship can be referred, as, for instance, the death of a tenant for life, or the time when the property is to be- divided, that will be adopted instead of the death of the testator, unless a special intent to the contrary can be found in the will. This was decided by Sir JohN Leach i-n
 
 Cripps
 
 v.
 
 Walcott,
 
 4 Madd. Ch. Rep. 11, and has been sustained by many subsequent cases in England! and this State. See 2 Jai\ on Wills, 648 ;
 
 Biddle
 
 v.
 
 Hoyt, %ibi supra.
 
 Analogous to these eases of survivorship, are those-where bequests are made to a person-, w-i-th a limitation over
 
 in case of his
 
 death. The question is whether the- testator-uses the- words “in case of” in the sense of
 
 at or-from,
 
 so as to restrain the- prior bequest to a life-estate with a remainder-over, or uses them to. substitute another bequest in lieu of the-prior one, should that fail by- the death of the first legatee in the life-time of the testator. “-The- difficulty in such- cases,, (says Mr., Jarman,) arises from the testator having applied-terms of contingency to. an event, of all others, the most certain and inevitable-, and to satisfy which- terms it is necessary to connect with death- some circumstance, in association with which it is contingent; that circumstance, naturally, is the-time of its happening; and such time, where the bequest is. immediate (i.
 
 e.
 
 iu possession) necessarily is the death of the testator, there being no other 2>eriod! to whieh the words can be referred.” But though it is an established rule-, that where-there is a bequest simply to A, and
 
 in ease of Ids death, or if he die,
 
 then to B, A will take absolutely upon surviving the-testator,
 
 (Lowfield
 
 v.
 
 Stoneham,
 
 2 Strange’s Rep. 1261,
 
 Trotter
 
 v.
 
 Williams,
 
 Pre. in Chan. 78,) yet where there is another-point of time to which such dying may be referred, as is ob
 
 *225
 
 viously the case when the 'bequest is to take effect i-n possession at a period subsequent to the testator’s decease, the words in question are considered as extending to the event of the legatee dying in the interval between the testator’s decease and the period of vesting in possession. See
 
 Hervey
 
 v.
 
 McLaughlin,
 
 1 Price’s Rep. 264;
 
 Home
 
 v. Pillans, 2 Myl. and Keen’s Rep. 24. Thus it will be seen that, whether in the -case of survivorship, or in that o'f a bequest to one person with a limitation over, where the death of the legatee is spoken of as an uncertain event, it can be so only in reference to some other event, and that the death of the testator must, of necessity, be assumed as the event referred to when no other is mentioned in the will. Put even where there is no subsequent time to which the death of the legatee, spoken of as contingent, can be referred, and where the bequest is immediate, special circumstances will induce the Court to -construe it to mean the death of the legatee at
 
 any
 
 time, andaiot restrict it to the death of the testator. See
 
 Billings
 
 v. Sandom, 1 Bro. Ch. Cas. 893;
 
 Nowlan
 
 v. Nelligan, Ibid 489,
 
 Lord Douglas
 
 v. Chalmer, 2 Ves. Jun. 501. In the last mentioned case a testatrix bequeathed her residuary personal estate for and to the use of her daughter, Prances Lady D., and -in case of her decease, to the use and behoof of her .(Lady IPs) children, share and -share alike, to whom her trustees and executors were to account for and pay over and assign the said residue. Py a codicil, the testatrix gave a ring to her daughter Lady I).. Lord
 
 Loughborough
 
 treated the notion, that the testatrix -intended to provide for the event of Lady D’s. dying in her (the testatrix’s) life-time, as contrary to the natural import uf the words, and the distinction between the expression used and
 
 at or from
 
 her decease, as too --subtle. lie also relied upon the bequest of the ring, as being inconsistent with the supposition of her taking the whole interest in the residue ; and he observed that, under the circumstances which had happened, there was no other way by which the bounty of the testatrix could reach the children, but by giving the residue to Lady D. for life, with the remainder to her children. The remarks of
 
 *226
 
 Sir William Grant in
 
 Webster
 
 v. Hale, 8 Ves. Jun. 411, upon this ease, would seem to show that the circumstance of the gift of the ring ought not to have influenced the decision.
 

 Prom the cases to which we have just referred, it appears clearly, that special circumstances will'prevent the application of the general rule which, in immediate bequests, refers the contingent terms, in which the death of the legatee is spoken of, to the event of the testator’s death. Much more will this be the case when such special circumstances are attended by words indicating certainty in the death of the legatee, or one of the legatees.
 

 In such a case there is no necessity to restrict the death of the legatee to that of the testator, a restriction which Sir R. P. AedeN, M. R., in
 
 Russell
 
 v.
 
 Long,
 
 4 Ves. Jun. 551,called an unnatural construction, because, as Sir William: Grant said in
 
 Brown
 
 v. Bigg, 7 Ves. Jun. 279, the testator generally supposes that the
 
 legatee
 
 will survive him. The death of the legatee, therefore, where there is a limitation over after an immediate bequest, or where a survivorship is provided for, may be construed to mean, what it is in fact, a certain event without reference to any other event. The intention of the testator will then be carried out by giving effect to the ulterior limitation, or to the survivorship, after the death of the legatee, instead of being defeated by holding the interest of such legatee to be absolute, in ease of his being alive at the death of the testator. Applying this rule to the case before us, it gave a joint estate for life to the testator’s mother and sister, with an absolute estate to the survivor, and the whole scope of the will proves clearly, as the defendant’s counsel contended, that such was the testator’s intention. In every part of his will he shows that he expected to die soon, and that both the objects of his bounty would survive him. He gives minute information of the then existing state of his affairs; and being a merchant as well as a slave owner, he advises his mother and sister (whom he appoints his executrices), how they shall dispose of his goods and slaves. He selects a professional gentleman, whom he directs them to employ; points out the
 
 *227
 
 best investment for their money; and suggests one or two places for their choice of a future residence. The terms of the bequest are as follows: “ I give and bequeath to my mother and Amanda G-. Ereeman, the whole of my estate jointly, and upon the demise of either, the survivor to have the whole in fee simple forever.” It will be observed that the words of bequest import a joint tenancy, by which the legatees may still hold in North Carolina, though the incident of sur-vivorship was abolished by the act of 1784. (1 Eev. Stat. cli. 43, sec. 2 ; Eev. Code ch. 43, sec. 2.) There is nothing to indicate the wish or expectation of the testator that his mother and sister would divide the property, and he had the undoubted right to limit the whole absolutely to the longest liver. What is there, then, to prevent his manifest intention from being-carried into effect ? Only one plausible objection has been, or can be, urged against it. Had Mrs. Vass (who was the legatee, Amanda G-. Ereeman), left children, they would, in the event which has happened, of their mother’s death before her mother, have been excluded by this construction from any part of the testator’s estate. This is admitted to be an important consideration, and would, in a case of doubtful intent, have great weight in restricting the survivorship to the death of the testator. But we think the intention of the testator is expressed in terms too plain to admit of doubt. Besides the circumstances to which we have already adverted, it will be noticed that the death of the legatee is spoken of as a certain event. It is
 
 upon
 
 her death that the survivorship is to take place. There is no contingency either expressed or implied, and there is, therefore, no place for the application of the general rule which, in a case of necessity only, refers it to the death of the testator. In addition to this, the testator shows himself, that he had no particular wish to provide for any body except his mother and sister. He expressly excludes the only child of his deceased brother, and he warns his sister against the advances of suitors, in terms which shows that he did not wish her to many, and that he had very little idea of providing for her children. His disposition of his property
 
 *228
 
 may not be sncb as we can approve, but it was his own, and he had the right to give it to whom he pleased, and upon what terms he chose, provided that in doing so he violated no rule of law. We are bound to say, that the only fair construction of which the language of the will is susceptible, is not opposed by any rule of either the common or statute law, and that it is our duty to give effect to it. The plaintiff, as the administrator of his wife, is not entitled to any part of the testator’s property, and his bill must, therefore, be dismissed.
 

 Pee CuexaM, Bill dismissed.