JOSEPH D. POWELL v. MARY M. ALLEN, RICHARD S. TER-
RELL and others.

The act of 1784, abolishing the *jus accrescendi* in joint estates, for the benefit of the heir, &c., of the deceased joint tenants, does not apply to joint tenants for life.

*Therefore,* where a testator, after giving land to his daughter for life, devised in respect to it as follows: " at her death my executor is to put in possession of my three grandsons, Joseph, Richard and David, for them to use it during their natural lives, for it is not to be subject to be parted with under no consideration, and at their death, give it to their children in fee:" *Held,* that, Joseph and David having died without issue, Richard had a life estate in the whole of the land; and that at his death, without children, it will revert to the heirs at law of the testator.

Proceedings for PARTITION of land, in WAKE Superior Court, commenced by summons, returnable out of term,

and heard upon demurrer to the complaint, by WATTS, J., at June Term, 1876.

The complaint, filed at the opening of the summons, alleges, that Joseph Fowler died in said county in February, 1859, leaving a will by which he devised the land, of which partition is sought, as follows :

"Item 3d. To my beloved daughter, Martha E. Terrell, (widow) I lend, during her life time, my tract of land on which she now resides, in Wake County, containing 500 acres more or less, together with all improvements thereon, and the following negro slaves.   *   *   *

"Item 8th. My negroes and all the land that I have loaned my daughter, Martha E. Terrell, at my death, my executor is to put in possession of my three grandsons, to-wit : Joseph E. Terrell, Richard Terrell, and David S. Terrell, for them to use during their natural lives, for it not to be subject to be parted with under no consideration ; at their death I give all the above property to their children ;"

That the only heirs-at-law of Joseph Fowler, at his death, were the plaintiff, a son and only child of Eliza Powell, a daughter of said Joseph, who died before him, and the said. Martha E. Terrell, another daughter ; that Martha E. Terrell died in the year 1863 ; that Joseph, David and Richard Terrell were the children of Martha, and all alive at their grandfather's death, but that Joseph and David died before their mother, unmarried and without issue; that the defendant, Richard, is an idiot and unmarried ; that the plaintiff has an estate of inheritance in said land, in possession of one undivided third part, the defendants, who are the issue of Martha E. Terrell, have a like one-third interest, and the defendant, Richard Terrell, has an estate for life, of one undivided third interest, of which, upon his death without children, the reversion belongs equally to the plaintiff, one undivided half, and to the defendants, the issue of Martha E. Powell, the other undivided half.

The complaint asks judgment for an accounting and partition of the land according to the rights of the parties, or if a partition cannot be had without injury to their rights, for a sale, &c.

The defendants demurred to the complaint on the ground that it appeared on its face that the defendant, Richard Terrell, is seized of a vested estate in possession in the whole of the land, &c.

Other points were raised by the pleadings, but the above statement contains all that is necessary to understand the point upon which the case was decided by this Court. Upon argument, his Honor overruled the demurrer and the defendants appealed.

*Moore & Gatling* and *Haywood*, for plaintiffs.
*Battle & Mordecai* and *Pace*, for defendants.

Pearson, C. J.    When two or more acquire land by purchase, as distinguished from descent, and the four unities exist, to wit, " time, title, estate and possession," they take as joint tenants unless there be an express provision that they shall take as tenants in common, and not as joint tenants.    In *devises*, the rule has been further released by allowing such words, " to take share and share alike," or " to be equally divided between them," to have the effect of making the devisees take as tenants in common and not as joint tenants, because of an inference from the use of these words that the devisor so intended.    2 Black. Com.

In our case, so far from the words used showing an intention to make the devisees take as tenants in common, and to take it out of the general rule, the words tend to show an intention that they should take as joint tenants; at all events the words do not in the slightest degree tend to show an intention to make the devisees tenants in common and

not joint tenants, as they would be according to the general rule.

We declare our opinion to be, that Richard Terrell, Joseph Terrell and David Terrell took an estate for life as *joint tenants*, under the will of Joseph Fowler. It follows that Richard Terrell, the survivor of the three devisees, is entitled to the whole tract of land for his life, unless "estates for life" come within the operation of the act of 1784. That is the question. The act is in these words: In all estates, real or personal, the part or share of any tenant dying shall not descend or go to the surviving tenant, but shall descend or be vested in the heirs, executors, or administrators or assigns of the tenant so dying, in the same manner as estates by tenancy in common."

It is obvious that these words cannot be made to apply to joint tenants for life. In regard to real estate, on the death of one of the tenants for life his part *cannot descend to his heirs*, but most go either to the survivor or some third person entitled to take, not by descent but by purchase, under the limitation law. In regard to personal estate, on the death of one of the tenants for life his part cannot pass to his executors, administrators or assigns, but must go either to the survivor or some third person entitled to take, not under the tenant dying, but by force of the limitation over. The word "assigns" has no signification, but evidently is a mere expletive thrown in by force of habit to accompany the words "executors and administrators;" for if the tenant dying had in his lifetime made an assignment of his part, the effect was to sever the joint tenancy, and there was no occasion for a statute to prevent his share from being acquired by the "*jus accrescendi.*"

It is also obvious that the case of tenants for life does not come within the mischief which called for the enactment of the statute. The evil was that when an estate of inheritance

was held in joint tenancy on the death of one, his part passed absolutely to the survivor, and *the heirs* of the tenant dying were wholly excluded ; the object was to legislate in favor of *the heirs* of the dying tenant, but as far as the statute indicates, the rights of third persons taking by purchase under the limitation, and the rights of the survivor claiming under the common law rule, were not intended to be interfered with, for as between them the doctrine of survivorship works no crying hardship.

The learned and very studious counsel for the plainti ff Mr. Haywood, when asked by the Court, stated that he had not been able to find any case in which the act of 1784 was extended to estates for life, or where the point was presented. This shows that there was no mischief in respect thereto calling for a remedy ; besides, if the purpose had been to include all estates in joint tenancy, that purpose would have been better served by abolishing the "*jus accrescendi*" in a few direct words to that effect, instead of resorting to words applicable only to estates of inheritance held in joint tenancy in real estate, and absolute estates held in joint tenancy in personal property.

There are several cases in which the Court holds that an estate of inheritance given to husband and wife, although falling within the words, does not come within the operation of the act; which shows that the act ought not to be extended beyond the apparent mischief, especially if, as in our case, the words do not cover it.

We declare our opinion to be that Richard Terrell takes, by survivorship, the entire tract for his life, and in default of children of the three devisees, on the death of said Richard the land will revert to the heirs of the devisor, and that the plaintiff representing his mother will be entitled to one-half and the other half will devolve upon those who represent the other daughter of the devisor.

Demurrer sustained. Proceedings dismissed without prejudice. No cost allowed, as all parties were concerned in having their rights declared.

PER CURIAM. Demurrer sustained.