JAMES M. POWELL and others v. JAMES K. MORISEY and others.

*Construction of Deed—Estate for life in Joint-tenancy.*

A deed to five grandchildren without the use of any restrictive, exclusive or explanatory words conveys an estate for life in joint-tenancy. The act of 1784 applies only to estates of inheritance. (See preceding case.)

(*Powell* v. *Allen*, 75 N. C., 450, cited and approved.)

SPECIAL PROCEEDING for partition of land commenced in the probate court and heard at Spring Term, 1880, of SAMPSON Superior Court, before *Avery, J.*

The plaintiffs appealed from the judgment below.

*Mr. D. J. Devane*, for plaintiffs.
*Messrs. E. T. Boykin*, and *Reade, Busbee & Busbee*, for defendants.

RUFFIN, J. This was a special proceeding begun in the probate court of Sampson county for a sale of lands for the

purposes of partition, and which was tranferred to the supe-rior court of that county, for the trial of certain issues raised by the pleadings. It comes to this court upon an appeal of the plaintiffs from a judgment of that court over-ruling a demurrer which they had interposed to the answer of the defendants; but we have not thought it necessary to elaborate that point, as we are of the opinion that the plain-tiffs' case must fail because of an entire failure of title in them to the lands which are the subject of the action.

The facts as set forth in the pleadings are as follows : On the 10th day of April, 1860, James Vann, under whom all parties claim, executed a deed whereby, after reserving to himself a life estate in the lands, he conveyed them to his five grandsons, James Register, Harman Register, Gibson Register, John R. Register and Edmond Register, without the use however of any words of inheritance in the deed, and in 1866 he died leaving a will in which after making several special legacies and devises, he devised the residue of his estate to the plaintiffs who are also his grandchildren.

Of the grandsons mentioned in the deed, three died during the life of the grantor and one since his death, leaving John R. Register alone surviving from whom the defendants, since the death of all his brothers, have purchased.

The plaintiffs insist that the effect of the deed was to give to the grandsons only a life estate in the lands, whereas the defendants say that it was the intention of the grantor to give them a fee simple interest, and that the necessary words of inheritance were omitted through the mistake of the draughtsman, and they ask to have it corrected so as to give effect to such intention.

Of course if there be this mistake and the correction be made, then the plaintiffs cannot maintain their action; nor do we see that their condition will be bettered at all, if we give to the deed the construction insisted upon by them.

A copy of the deed is made a part of the case, and upon

reference to it we find that after reserving the land to the grantor for his life, it conveys a vested remainder to the five grandsons, without the addition of "any restrictive, exclusive, or explanatory words," such as is said by BLACKSTONE in his commentaries, to be necessary to prevent the estate created by it becoming a joint-tenancy. It has every element essential to constitute it an estate of that character as defined both by the author just quoted and LORD COKE, and must be so construed by us, and all the properties and incidents be given it, that properly belonged to such an estate at common law save as they may have been modified by statute.

In the very recent case of *Powell* v. *Allen*, 75 N. C., 450, it was decided by this court that a joint tenancy for life was not within the mischief intended to be remedied by the act of 1784 which abolished the right of survivorship in joint estates, and consequently was not affected thereby, but that the common law rule, so far as such an estate was concerned, remained unchanged; and it is difficult to conceive of a case more in point than this one, as it too was an estate for life given to several joint-tenants in remainder after a particular life estate, and in which several of the tenants had died before the falling in of the particular estate.

We are constrained to hold that upon the death of his companions and by virtue of the doctrine of survivorship, John R. Register as the last survivor became seized of the entire lands conveyed in the deed for and during the term of his life, and that the defendants as purchasers from him, are entitled to have the same and every part thereof for that period of time. As a necessary consequence to the failure of their title to the premises, the plaintiffs' petition should have been dismissed, and inasmuch as the plaintiffs are in no condition to complain of the action of the superior court in overruling their demurrer, their appeal to this court is dismissed.

Let this be certified to the court below that the cause may be proceeded with in accordance with this opinion.

No error.                                          Appeal dismissed.