## M. D. LEGGETT ET AL. v. F. M. SIMPSON ET AL.

(Filed 11 September, 1918.)

### Estates—Wills—Devise—Remainders—Class—Per Capita—Contingencies—Children—Ulterior Devise.

A devise of lands to certain named of the testator's nieces for life, remainder to their children, but should they die without leaving children, then over to an ulterior devisee, and one of them die without children,

survived by the other and her children, the surviving niece takes, and after her death her children take, and the ulterior devisee takes nothing, as the contingency has not happened upon which he could acquire an interest under the terms of the will.

APPEAL by plaintiffs from *Connor, J.,* at August Term, 1918, of WASHINGTON.

This was a proceeding for partition, begun before the clerk, and heard on appeal by *Connor, J.,* at August Term, 1918, of WASHINGTON.

*Small, MacLean, Bragaw & Rodman for plaintiffs.*
*Ward & Grimes for defendants.*

CLARK, C. J. The only question presented depends upon the construction of the following clauses in the will of U. W. Swanner:

"I lend to my nieces, Elizabeth Bateman, wife of John Daniel Bateman, and to Charlotte Baxter, wife of Samuel Baxter, all of the tract of land whereon I now live, and all other lands I own, except the tracts or parcels devised in former items, for and during the terms of their natural lives.

"I give and devise to the lawful children of my nieces, Elizabeth Bateman and Charlotte Baxter, all the lands which I have loaned in a former item to my nieces, Elizabeth Bateman and Charlotte Baxter, to have and to hold to them in fee simple forever, at the death of my aforesaid nieces.

"In the event that my nieces, Elizabeth Bateman and Charlotte Baxter, should die without leaving any lawful children, then it is my wish and desire that the land devised in a former item to them shall go to the children of my sister, Martha Perry, and Sallie Leggett, and to have and to hold to them in fee simple forever."

Elizabeth Bateman died, without having had issue, in 1915. The plaintiffs are the children of Martha Perry and Sallie Leggett, sisters of the testator, named in the will. The defendants are the children of Charlotte Baxter, named in the will, and their grantees. The other items of the will have no bearing on this controversy.

His Honor properly held that the plaintiffs, the children of Martha Perry and Sallie Leggett, were not owners of any right or title in the lands in question, and denied the prayer for partition.

There is nothing in the will which impairs the usual rule of construction that where a devise is to a class collectively, and not by name to various devisees in the class, all the members of the class take *per capita* and not *per stirpes.*

The devise to the "children of my nieces, Elizabeth Bateman and Charlotte Baxter," was to them as a class, and if they had had an

unequal number of children, the children of the two would have taken as one class *per capita.*

Even a devise to a father and his children is a devise to them as a class *per capita.*

As early as 41 Elizabeth, in *Wild's Case,* 6 Rep., 17, it was held: "If a man devise land to A. and his children or issue, and he then has issue of his body, . . . they shall have a joint estate." This doctrine has been followed in *Moore v. Leach,* 50 N. C., 88, and numerous cases cited thereto in the Anno. Ed. See especially *Silliman v. Whitaker,* 19 N. C., 89, where the matter is fully discussed. To same purport, *Rice v. Klette,* 149 Ky., 787, reported with very full annotations, L. R. A., 1917, B, page 74.

The same ruling was made as to conveyances, *Cullens v. Cullens, Brown, J.,* 161 N. C., 344, reported with very complete citations, L. R. A., 1917, B, page 74.

Elizabeth Bateman having died without children, the land went to Charlotte Baxter, and after her death to her children, and they and their grantees are the sole owners thereof.

The devise over to the children of his sisters, Martha Perry and Sallie Leggett, was contingent upon the death of his nieces, Elizabeth Bateman and Charlotte Baxter "without leaving any lawful children living," which contingency did not happen, and the plaintiffs therefore take nothing. *Kirkman v. Smith,* 174 N. C., 603.

Affirmed.