ANNIE L. BURTON ET AL. v. KATIE L. CAHILL ET AL.

(Filed 10 November, 1926.)

**1. Tenants in Common—Joint Tenancies—Deeds and Conveyances.**

　　The incidents of joint tenancy when the right of survivorship applies arises by the contract of the parties, and are of the fourfold character of the same interest acquired from the same party under the same conveyance, commencing at the same time, and held by one and the same undivided possession.

**2. Same—Jus Accrescendi—Survivorship—Statutes.**

　　The act of 1784, now C. S., 1735, abolishes the right of survivorship in fee, in joint tenancies, but not joint estates for life.

**3. Same—Common Law.**

　　Where the necessary elements thereof exist in the conveyance of an estate in lands, the law favors the interpretation that a joint tenancy is conveyed under the common-law rule, in the absence of statutory restriction, and of restrictive, exclusive or explanatory words of the conveyance manifesting an intention to create a tenancy in common.

**4. Same—Children—"Per Capita"—"Per Stirpes"—Deeds and Conveyances—Wills.**

　　A deed or devise of lands to the two daughters of the grantor or testator for life, and then to their children, without particular designation, but as a class, upon the falling in of the particular estate the "children" of the life tenants take *per capita* and not *per stirpes*.

**5. Same—Partition—Statutes.**

　　Where the life tenants under a deed or will take as joint tenants with remainder over to their children, who take per capita, the life tenants may not have their estate in the lands divided under the provisions of C. S., 3215, 1745.

CIVIL ACTION, before *Webb, J.,* at June Term, 1926, of Superior Court of ROCKINGHAM.

On 14 March, 1924, Annie L. Burton and her children, John A. Burton and Mary Lucy Burton, instituted a partition proceeding against Katie Lewis Cahill and her children, to wit, Myrtle Cahill Bailey, Mary Cahill, Benjamin M. Cahill, Katherine Cahill, and Benjamin M. Cahill, Sr., guardian *ad litem* of Dorothy Jane Cahill, a minor. The plaintiffs allege that they owned a one-half undivided interest in the property in controversy, and that the defendants owned a one-half interest in said property; that all the parties were of age except Dorothy Jane Cahill. The defendants answered, resisting the partition of the land in severalty upon the ground that the title to the property constituted a joint tenancy, and that partition thereof could not be maintained.

The deed for the property in controversy was made by Robert Lewis and wife on 28 October, 1895, and is as follows:

"This deed made this 28 October, 1895, by Robert Lewis and Mary E. Lewis, his wife, of Rockingham County, and State of North Carolina, of the first part, to their daughters, Annie L. Burton and Katie L. Cahill of Stokes County, and State of North Carolina, of the second part:

Witnesseth, That the first party, in consideration of the natural love and affection and a wish to provide for said daughters, have bargained and sold, and by these presents do bargain, sell and convey to said Annie L. Burton and Katie L. Cahill and their children, a certain tract or parcel of land in Mayo Township, Rockingham County, State of North Carolina, adjoining the lands of J. H. Cardwell, James Trent, Jim Adkins, Armstrong Gallaway and others, bounded as follows, to wit:

Being the land known as the "Lacy Place," deeded to Robert Lewis by A. H. Gallaway, as appears of record at the register's office, Wentworth, N. C., Book 94 of Deeds, page 123, and containing (400) four hundred acres.

It is the object and intent of this deed to *secure* to said Annie L. Burton and Katie L. Cahill the above lands during their lifetime, afterward to their children.

To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said Annie L. Burton and Katie L. Cahill for life, and afterwards their children's only use and behoof forever."

The following judgment was rendered: "This cause coming on to be heard and being heard before his Honor, James L. Webb and a jury, at the June Term, 1926, of the Superior Court of Rockingham County, and at the close of the evidence it was agreed that the matters in controversy were questions of law for the court, and that the court being of the opinion that the plaintiff, Annie L. Burton, and the defendant, Katie Lewis Cahill, hold the lands described in the pleadings as joint tenants with the right of survivorship, and that the lands are not subject to partition during the lifetime of either of them, and that the children of the plaintiff, Annie Lewis Burton, and of the defendant, Katie Lewis Cahill, take the lands after the death of the joint tenants *per stirpes,* and not *per capita.*

It is, therefore, considered, ordered and adjudged:

1. That Annie Lewis Burton and Katie Lewis Cahill hold the lands described in the pleadings as joint tenants with the right of survivorship, and that said lands are not subject to partition during their joint lives or the lifetime of the survivor.

2. Upon the death of Katie Lewis Cahill and of Annie Lewis Burton, the children of the said Katie Lewis Cahill will take and hold a one-half undivided interest in said land and the children of Annie Lewis Burton will take and hold a one-half undivided interest in the said lands.

It is further considered, ordered and adjudged that the cost of this action be taxed by the clerk, one-half against the plaintiff, and one-half against the defendants."

From the foregoing judgment both parties appealed.

*J. G. Brown, and Manly, Hendren & Womble for plaintiffs.*

*McMichael & McMichael, and Swink, Clement, Hutchins & Feimster for defendants.*

BROGDEN, J. Two propositions of law are presented by the record:

1. Do the life tenants under said deed, to wit, Annie L. Burton and Katie L. Cahill, take said land as joint tenants, for life, with right of survivorship, or as tenants in common?

2. Do the children of said life tenants take *per capita* or *per stirpes?*

The plaintiffs assert that the life tenants take as tenants in common, and that, at the death of the life tenants, the children of the life tenants would take *per stirpes.*

The defendants, upon the other hand, assert that the life tenants take as joint tenants and that, upon the death of the life tenants, the children would take per capita.

The pertinent portions of the deed of Robert Lewis to the life tenants, Annie L. Burton and Katie L. Cahill, are as follows: "That the first party in consideration of natural love . . . and a wish to provide for said daughters . . . do convey to said Annie L. Burton and Katie L. Cahill and their children . . . a tract of land, . . . containing four hundred acres. It is the object and intent of this deed to secure to said Annie L. Burton and Katie L. Cahill the above land during their lifetime, afterward to their children. To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said Annie L. Burton and Katie L. Cahill for life and afterwards their children's only use and behoof forever."

"The estate of joint tenancy is purely conventional, *i. e.,* created by act of the parties—and never arises by operation of law." 2 Black., *180; Mordecai's Law Lectures, vol. 1, 60.

The distinguishing characteristics of the estate are the four unities of interest, title, time, and possession; that is to say, joint tenancy is one and the same interest, flowing from one and the same conveyance,

beginning at one and the same time and held· by one and the same undivided possession. 2 Blck., 180; Tiffany Real Property, vol. 1, sec. 191. The predominant incident of joint tenancy at common law was survivorship. This ' incident of survivorship resulted from the theory that joint tenants together own but one estate, and upon the death of either the title vested in the survivor. Survivorship in joint tenancies was recognized in North Carolina until 1784, when survivorship was abolished. C. S., 1735. After the enactment of C. S., 1735, it was urged that joint tenancies were abolished in North Carolina by· reason of the fact that survivorship had been destroyed. This contention was made in the case of *Rowland v. Rowland,* 93 N. C., 214. *Ashe, J.,* says: "The first point presented for our consideration, is the proposition contended for by the plaintiff's counsel, 'that the act of 1784 abolished the *jus accrescendi* in joint estates, and that there is no such thing recognized by our law as survivorship.' But this is a mistake. Joint tenancies were not abolished by the act of 1784" (now C. S., 1735). C. S., 1735, abolished the right of survivorship, only in joint tenancies in fee, but does not affect joint estates for life or estates by entirety. *Vass v. Freeman,* 56 N. C., 221; *Powell v. Allen,* 75 N. C., 450; *Blair v. Osborne,* 84 N. C., 417; *Powell v. Morrisey,* 84 N. C., 421.

In *Powell v. Allen,* 75 N. C., 452, *Pearson, C. J.,* says: "When two or more acquire land by purchase, as distinguished from descent, and the four unities exist, to wit, 'time, title, estate and possession,' they take as joint tenants unless there be an express provision that they shall take as tenants in common, and not as joint tenants." In construing the act of 1784, now C. S., 1735, *Chief Justice Pearson* says, further: "It is obvious that these words cannot be made to apply to joint tenants for life."

The *Powell case* arose upon a partition proceeding instituted in Wake County. The will from which the title of the litigants was derived devised the property to the daughter of the testator during her lifetime and at her death to three grandsons, naming them, "for them to use during their natural lives, for it not to be subject to be parted with under no consideration; at their death I give all the above property to their children."

In *Powell v. Morrisey,* 84 N. C., 421, which was also a partition proceeding, the deed, after reserving a life estate to the grantor, conveyed the property to five grandsons, naming them. *Ruffin, J.,* says: "A copy of the deed is made a part of the case, and upon reference to it we find that after reserving the land to the grantor for his life, it conveys vested remainder to the five grandsons, without the addition of "any restrictive, exclusive, or explanatory words," such as is said by Blackstone, in his Commentaries, to be necessary to prevent the estate created

by it becoming a joint tenancy. It has every element essential to constitute it an estate of that character as defined both by the author just quoted and *Lord Coke,* and must be so construed by us, and all the properties and incidents be given it, that properly belonged to such an estate at common law save as they may have been modified by statute."

So that, in North Carolina, in a conveyance in which the four unities concur, the law favors joint tenancy, or, in other words, the common-law rule prevails in the absence of restrictive, exclusive or explanatory words manifesting an intention to create a tenancy in common. The language of the deed is not ambiguous, and an examination of the entire instrument does not disclose either explanatory or restrictive words necessary to take the conveyance out of the general rule; neither is any language used which manifests an intention on the part of the grantor to create a tenancy in common.

By virtue of the decisions applicable, we are compelled to hold that the deed created a joint tenancy for life in Annie L. Burton and Katie L. Cahill.

The second proposition of law to be considered is whether or not the children take *per capita* or *per stirpes.* The general rule is thus declared by *Walker, J.,* in *Mitchell v. Parks,* 180 N. C., 634: "It is generally held that a devise or bequest to the children of two or more persons, whether expressed as to the children of A. and B., or to the children of A. and the children of B., or to other relatives of different persons, usually means that such children or relatives shall take *per capita* and not *per stirpes,* unless it is apparent from the will that the testator intended them to take *per stirpes.* But a devise or bequest to the heirs of several persons will usually go *per stirpes.*"

In the case of *Leggett v. Simpson,* 176 N. C., 3, the devise was to "my nieces, Elizabeth Bateman, wife of John Daniel Bateman, and to Charlotte Baxter, wife of Samuel Baxter, . . . for and during the terms of their natural lives. I give and devise to the lawful children of my nieces, Elizabeth Bateman and Charlotte Bateman, all the lands which I have loaned . . . to my nieces, . . . to have and to hold to them in fee simple forever, at the death of my aforesaid nieces." *Clark, C. J.,* says: "There is nothing in the will which impairs the usual rule of construction that where a devise is to a class collectively, and not by name to various devisees in the class, all the members of the class take *per capita* and not *per stirpes.*"

What, then, are the *indicia* of per capita division?

1. When the words "equally divided" or "share and share alike" are used. *Hastings v. Earp,* 62 N. C., 5.

2. When the legatees are named in the will. *Culp v. Lee,* 109 N. C., 675.

3. "Whenever, as a class, the beneficiaries are individually named or designated by the relationship to some ancestor living at the date of the will, whether to the testator or to some one else, they share *per capita* by natural inference and not *per stirpes.*" *Shull v. Johnson,* 55 N. C., 202; *Ex parte Brogden,* 180 N. C., 157.

4. The general rule is that the distribution is per capita unless the entire will discloses a contrary intent. *Bryant v. Scott,* 21 N. C., 155; *Britton v. Miller,* 63 N. C., 268; *Howell v. Tyler,* 91 N. C., 213; *Ex parte Brogden,* 180 N. C., 157.

5. The degree of consanguinity to the testator may be considered where the intent of the testator is doubtful. *Kirkpatrick v. Rogers,* 41 N. C., 130; *Ex parte Brogden,* 180 N. C., 157.

The same rule that prevails in the construction of wills, regulating or prescribing *per capita* or *per stirpes* distribution, applies to conveyances. *Cullens v. Cullens,* 161 N. C., 344; *McCallum v. McCallum,* 167 N. C., 310; *Leggett v. Simpson,* 176 N. C., 3.

· By the express terms of said deed the remainder, upon the death of the life tenants, is given to the children of the life tenants. These children are designated as a class, and, therefore, under the rules of law governing such distributions, they take *per capita* and not *per stirpes.*

C. S., 3215, provides for partition among persons claiming real estate as joint tenants or tenants in common. This statute was construed by *Chief Justice Clark,* in *Ray v. Poole,* 187 N. C., 749, in the last opinion written by him and filed after his death. After referring to C. S., 3215, the opinion declares: "But it is no authority for partition as between the life tenant and remaindermen, except where the proceeding is brought by the remaindermen and the life tenant is joined. Nor does C. S., 1745, authorize or validate a partition sale at the instance of a life tenant against vested remaindermen, who are not infrequently children."

Therefore, under the principle announced in this decision, the present partition suit would not lie.

Reversed.