FLOYD LAMM ET AL. V. EMMA MAYO ET AL.

(Filed 6 March, 1940.)

**1. Wills § 34—**

A devise to two of testator's grandchildren for life and after their death to their children, provides a limitation over to a class and upon the death of the grandchildren, the members of the class take *per capita.*

**2. Wills § 33c—**

Testator devised certain of his lands to each of his living children and devised the share of his deceased daughter to her children for life with the remainder over to their children, if any, and if none then by ulterior limitation to testator's children. *Held:* The ulterior limitation over to testator's children was to take effect only upon total failure of lineal descendants of testator's daughter, and upon the death of one of the grandchildren without issue the land goes to the children of the other deceased grandchild *per capita.*

APPEAL by plaintiffs from *Carr, J.,* in Chambers at Nashville, 7 December, 1939. From WILSON.

Civil action in ejectment or for redemption, accounting and partition.

The court being of opinion, upon the pleadings and admissions of the parties, that the plaintiffs and the defendant, Ellen Hastings, have no interest in the lands described in the complaint, entered judgment accordingly, from which the plaintiffs appeal, assigning error.

*Charles M. Griffin, J. M. Broughton, and William H. Yarborough for plaintiffs, appellants.*

*W. A. Lucas and Finch, Rand & Finch for defendants, appellees.*

STACY, C. J. The case turns on the construction of the following clause in the will of Solomon Lamm, who died in 1891:

"5. I give my two grdn children Jemes H Lucas and Seney An Frances Lucas one peace of my land equily a like known as the Evins tract and one hundred & fifty dollars a peace in money ther life times an after their death then to their lawful children if eney and if none then to be equely divided betwen all my children."

The plaintiffs and defendant, Ellen Hastings, are representatives of the children of the testator. They claim one-half of the "Evins tract" under the ulterior limitation in paragraph five of the will as Senia Ann Frances Lucas died on 13 August, 1931, without children or lineal descendants. The defendant, Emma Mayo, claims title to the same property through *mesne* conveyances from James H. Lucas and his children.

The testator first left all of his property to his wife for her lifetime or widowhood. He then provided for a division of the property among his several children "after her rite seases," and to each, in a separate item, he gave his or her part without limitation or qualification. The share of his deceased daughter was given to her two children in item five of the will for "ther life times" with remainder "to their lawful children if eney," and, if none, then over. The trial court held that under the decisions in *Burton v. Cahill,* 192 N. C., 505, 135 S. E., 332, and *Leggett v. Simpson,* 176 N. C., 3, 96 S. E., 638, this remainder to the lawful children of the first takers was intended as a limitation to a class, the representatives of which should take *per capita.* We cannot say there was error in this ruling. The cited cases appear to support it.

It seems consonant with the intent of the testator that the share of his deceased daughter should go to her lineal descendants, and only in case of a total failure of such descendants was her share or any part of it to be divided among the testator's children. The judgment below accords with this intent.

The authorities are in support of the judgment rendered.

Affirmed.