MARGARET RHEW TILLMAN ET AL. v. LOU BETTIE O'BRIANT ET AL.

(Filed 7 January, 1942.)

**Wills § 34c—**

> An item of a will directing that certain realty be sold "and the proceeds divided equally between" the children of a deceased daughter (seven in number), the only daughter of another deceased daughter by name, and another, who was treated by testator as his foster son, *is held* to require the division of the proceeds among the beneficiaries *per capita* and not *per stirpes* under the general rule that an equal division among designated legatees means a *per capita* distribution, unless a contrary intent appear.

APPEAL by defendants from *Grady, Emergency Judge,* at October Term, 1941, of PERSON.

Civil action for construction of will.

From judgment for plaintiffs, the defendants appeal, assigning error.

*Graham & Eskridge for plaintiffs, appellees.*

*Burns & Burns for defendants, Lou Bettie O'Briant and Hubert O'Briant, appellants.*

STACY, C. J. On the hearing, the question in difference was made to depend on the construction of the following clause in the will of W. D. Yarboro, late of Person County, this State:

"Item 3. I direct that my 'Will Clayton Place' . . . shall be sold and the proceeds divided equally between Maggie Rhew's children and Lou Bettie O'Briant and Dewey Yarboro."

The case states that Maggie Rhew was a deceased daughter of the testator; the plaintiffs in interest are her seven children. Lou Bettie O'Briant is the only daughter of another deceased daughter of the testator; and Dewey Yarboro was treated as his foster son. Dewey Yarboro has assigned all of his interest to Lou Bettie O'Briant.

The "Will Clayton Place" has been sold, and the question for decision is whether the proceeds arising therefrom shall be divided *per capita* or *per stirpes* under Item 3 above. The trial court answered *per capita,* and we approve.

The pertinent authorities are assembled in *Burton v. Cahill,* 192 N. C., 505, 135 S. E., 332, and *Ex parte Brogden,* 180 N. C., 157, 104 S. E., 177, and we are content to rest our present decision on what was said in these cases.

The general rule is, that an equal division among designated legatees means a *per capita* distribution, unless a contrary intent appear. *Ex*

*parte Brogden, supra; Waller v. Forsythe,* 62 N. C., 353; *Harris v. Philpot,* 40 N. C., 324; and *Bryant v. Scott,* 21 N. C., 155.

The bequest here is to Maggie Rhew's seven children and two others, the words "Maggie Rhew's children" being descriptive of the first seven of the nine named legatees. *Ex parte Brogden, supra.* This is the meaning usually ascribed to such language, and as said by *Clark, C. J.,* in *Leggett v. Simpson,* 176 N. C., 3, 96 S. E., 638 : "There is nothing in the will which impairs the usual rule of construction that where a devise is to a class collectively, and not by name to various devisees in the class, all the members of the class take *per capita* and not *per stirpes."*

Affirmed.