In the Matter of: LENA VICK BATTLE and WANDA SUE BATTLE, Minors, Appearing Herein by Their General Guardian, PEOPLES BANK & TRUST COMPANY; LARUE BATTLE BETTS; THOMAS ALEXANDER BETTS; PEOPLES BANK & TRUST COMPANY, Administrator of the Estate of ALEXANDER PARKER BATTLE, JR., Deceased; THOMAS A. BETTS, JR., and ROBERT B. BETTS, Minors, Appearing Herein by Their Next Friend, K. D. BATTLE.

(Filed 24 September, 1947.)

**1. Wills § 34—**

Testator devised the tract of land in question to his son for life, remainder to his son's children, with provision that if the son should die without issue him surviving the land should go to such of testator's children and grandchildren as survived the son. *Held:* Upon the death of the life tenant without issue him surviving, the surviving children and grandchildren of testator take *per capita* and not *per stirpes*.

**2. Same—**

As a general rule, where a devise is to a class, the devisees take share and share alike unless it clearly appears that testator intended a different division.

**3. Wills § 31—**

Where the language of a will is clear there is no occasion for interpretation.

Appeal by general guardian of Lena Vick Battle and Wanda Sue Battle, minors, and by LaRue Battle Betts from *Bone, J.,* of 2nd Judicial District in Chambers, 13 August, 1947.

Civil action on petition under Uniform Declaratory Judgment Act, G. S., 1-253, *et seq.,* filed in Nash County to obtain interpretation of the meaning of certain provisions of the last will of Alexander Parker Battle.

The facts in so far as pertinent to the single question raised on this appeal are these:

Alexander Parker Battle died 17 June, 1943, leaving a last will and testament in which the concluding sentence in Item Six relating to his home farm, consisting of one hundred and eighty acres, reads as follows: "If my said son, Alexander Parker Battle, Jr., survives my said wife and dies without leaving children or issue surviving him then I devise this

said tract in fee to such of my children and grandchildren as may survive him, the said Alexander Parker Battle, Jr."

The wife of the testator survived him and died on 3 July, 1944, and his son Alexander Parker Battle, Jr., died 1 December, 1946, without issue surviving him.

Upon these facts the parties interested are in controversy as to whether under the provisions of Item Six, as aforesaid, the children and grandchildren of Alexander Parker Battle upon the death of Alexander Parker Battle, Jr., without issue surviving him, took the said home farm *per stirpes* or *per capita.*

The parties interested are LaRue Battle Betts, who is daughter and the only child of Alexander Parker Battle who survived Alexander Parker Battle, Jr., and Lena Vick Battle, age 5 years, and Wanda Sue Battle, age 3 years, children of Asail Vick Battle, another son of Alexander Parker Battle who died 7 April, 1944, and Thomas A. Betts, Jr., age 6 years, and Robert B. Betts, age 3 years, children of LaRue Battle Betts, who are the only grandchildren of Alexander Parker Battle who survived Alexander Parker Battle, Jr.

The court below was of opinion and held as a matter of law that the children and grandchildren of Alexander Parker Battle took on a *per capita* basis as tenants in common, share and share alike, and entered judgment declaring that LaRue Battle Betts, Lena Vick Battle, Wanda Sue Battle, Thomas A. Betts, Jr., and Robert D. Betts own the said home farm as tenants in common.

From the judgment so entered LaRue Battle Betts and Lena Vick Battle and Wanda Sue Battle, minors, through their general guardian appeal to Supreme Court and assign error.

*Battle, Winslow & Merrell for K. D. Battle, Next Friend of Thomas A. Betts, Jr., and Robert B. Betts, appellee.*

*S. L. Arrington for LaRue Battle Betts, appellant.*

*F. S. Spruill for Peoples Bank & Trust Company, General Guardian for Lena Vick Battle and Wanda Sue Battle, appellant.*

Winborne, J. This is the sole question on this appeal: Do such of "the children and grandchildren" of the testator as survived the devisee named take the home farm *per capita* and not *per stirpes?* The decisions of this Court furnish an affirmative answer. See *Shull v. Johnson,* 55 N. C., 202; *Leggett v. Simpson,* 176 N. C., 3, 96 S. E., 63; *Ex Parte Brogden,* 180 N. C., 157, 104 S. E., 177; *Mitchell v. Parks,* 180 N. C., 634, 105 S. E., 398; *Burton v. Cahill,* 192 N. C., 505, 135 S. E., 332; *Lamm v. Mayo,* 217 N. C., 261, 7 S. E. (2d), 501; *Tillman v. O'Briant,*

220 N. C., 714, 18 S. E. (2d), 131; *Wooten v. Outland,* 226 N. C., 245, 37 S. E. (2d), 682. Further elaboration is necessarily repetitious.

However, the general rule is that where the devise is to a class, the devisees take share and share alike unless it clearly appears that the testator intended a different division. *Shull v. Johnson, supra; Tillman v. O'Briant, supra,* and cases cited.

In the present case, as said by *Clark, C. J.,* in *Leggett v. Simpson, supra,* "There is nothing in the will which impairs the usual rule of construction that where a devise is to a class collectively, and not by name to various devisees in the class, all the members of the class take *per capita* and not *per stirpes.*"

In the devise here the words, "such of my children and grandchildren as may survive him," are merely descriptive of the group of devisees designated by the testator. The language is clear and affords no occasion for interpretation. *Cannon v. Cannon,* 225 N. C., 611, 36 S. E. (2d), 17. Therefore, the only inquiry to be made is who of his children, and who of his grandchildren survived the named devisee. They collectively constitute the devisees to whom the property is devised,—without preference one over the other.

The present case in factual situation is not unlike the case of *Tillman v. O'Briant, supra.* There the devisees were "Maggie Rhew's children" and two others. There were seven of the children. *Stacy, C. J.,* writing for the Court, says: "The bequest here is to Maggie Rhew's seven children and two others, the words 'Maggie Rhew's children' being descriptive of the first seven of the nine named legatees. *Ex Parte Brogden, supra.* This is the meaning usually ascribed to such language." And the Court held that the nine as members of the class took *per capita.*

The judgment below is
Affirmed.