WACHOVIA BANK AND TRUST COMPANY, TRUSTEE UNDER THE WILL OF
W. C. BEAVANS, v. W. R. BRYANT, ANCILLARY ADMINISTRATOR D.B.N.
OF J. RUSSEL BEAVANS, RAYMOND T. BEAVANS, WALTER AN-
DREW BEAVANS, ELIZABETH BEAVANS SHEPPARD, EUGENE
BEAVANS, W. CARY BEAVANS, ANNETTE BEAVANS HARDISON,
JOHN D. BEAVANS, SAMUEL C. BEAVANS AND WALTER TRAVIS,
GUARDIAN AD LITEM FOR OTHER HEIRS OF W. C. BEAVANS IN POSSE OR IN
ESSE, AND ANY OTHER PERSON CLAIMING INTEREST IN THE PROPERTY OR ES-
TATE OF W. C. BEAVANS, AND W. B. VOLIVA, ASSIGNEE.

(Filed 11 January 1963.)

1. **Wills § 27—**
   The objective of construction of a will is to ascertain testator's intent.

2. **Wills § 43—**
   A devise or bequest to a class requires a *per capita* and not *per stirpes*
   distribution unless a contrary intent appears from the will construed
   as a whole.

3. **Same—**
   The will in suit bequeathed property, after a life estate, to testator's
   nephews and nieces, with further provision that 'the child or children of
   any deceased nephew or niece to recieve the share the parent would have
   taken, the said distribution to be *per stirpes* and not *per capita*." *Held:*
   Testator's nephews and nieces take *per capita*, there being no reference
   in the will to testator's deceased brothers, and the provision for *per
   stirpes* distribution relates solely to children of nephews and nieces.

RODMAN, J., dissenting.
HIGGINS, J., joins in dissent.

APPEAL by the defendants, Elizabeth Beavans Sheppard, Eugene
Beavans, W. Cary Beavans, Annette Beavans Hardison, John D.
Beavans, Samuel C. Beavans and by the plaintiff, Wachovia Bank and
Trust Company, Trustee, from *Crissman, J.,* February 19, 1962 Term
of GUILFORD, (High Point Division).

This action was instituted by the executor-trustee pursuant to the
Declaratory Judgment Act for the construction of the will of W. C.
Beavans who died March 18, 1932, a resident of Guilford County. His
will, dated March 14, 1932, was probated March 22, 1932. The
Wachovia Bank and Trust Company, the plaintiff, qualified as exe-
cutor and trustee as provided in the will. The testator was survived by
his wife, Julia Beavans, the sole beneficiary of the estate during her
lifetime, and the following nine nephews and nieces, all of whom sur-
vived his wife: J. Russell Beavans, child of E. R. Beavans, deceased
brother of testator; Raymond T. Beavans and Walter Andrew Beav-
ans, children of W. A. Beavans, deceased brother of testator; Mrs.

Elizabeth Beavans Sheppard, Eugene Beavans, Mrs. Annette Beavans Hardison, John D. Beavans and Samuel C. Beavans, children of W. E. Beavans, deceased brother of testator.

On October 6, 1936, Raymond T. Beavans signed and acknowledged before a notary public an instrument whereby he purported to "assign, transfer and set over unto W. B. Voliva of High Point, North Carolina, his heirs and assigns, all of the right, title and interest," which he then had or to which he might thereafter become entitled, in the estate of his uncle, W. C. Beavans, under and by the terms of his will. This instrument was under seal and recited a valuable consideration. Notice of the assignment was accepted by the plaintiff executor-trustee on October 18, 1936. After the death of Julia Beavans, Raymond T. Beavans attempted to repudiate this assignment. J. Russell Beavans died after this action was instituted and his personal representative has been made a party.

In its petition, the executor-trustee has requested the court to pass upon the legality of the assignment executed by Raymond T. Beavans and to instruct it whether the following paragraph of the will required a distribution of the estate to the nephews and nieces per capita or per stirpes: .

> "FIFTH: All the rest, residue and remainder of my property of whatsoever kind and wheresoever situate of which I may die seized and possessed, I give, devise and bequeath to my Executor hereinafter named to be held by it as Trustee and to be by it sold and converted into cash as soon as convenient after my decease, and to set apart to itself as Trustee the proceeds of said sale to invest and reinvest the same from time to time, if necessary, and to pay the income arising therefrom, deducting an amount sufficient to meet all expenses, to my said wife, JULIA BEAVANS, every six months, or oftener if it shall deem it best, and upon her decease, to convey and transfer the entire principal sum, with accumulations, if any, discharged of all trust, to my nephews and nieces, the child or children of any deceased nephew and niece to receive the share the parent would have taken, the said distribution to be per stirpes and not per capita."

On March 17, 1933, when the executor-trustee filed its inheritance and estate tax inventory and collected the North Carolina inheritance tax from each of the nephews and nieces, it construed the will to require a distribution per capita. In the brief which it filed with the Court on this appeal, the executor-trustee now contends that the distribution should be per stirpes. The children of W. E. Beavans contend that the distribution between the nephews and nieces should be per capita; W.

B. Voliva contends that it should be per stirpes; the administrators of J. Russell Beavans and W. A. Beavans merely request "a ruling and decision upon the questions set forth in the petition."

The trial judge ruled that Raymond T. Beavans had validly assigned his interest in the estate to W. B. Voliva and that the distribution should be per stirpes and not per capita. The appealing defendants are the children of testator's brother, W. E. Beavans, who would each take a one-ninth share of the estate if distribution is per capita; a one-eighteenth share, if per stirpes. Raymond T. Beavans did not appeal.

*Roberson, Haworth & Reese for plaintiff appellee.*

*Branch and Hux for Samuel C. Beavans, John D. Beavans, Mrs. Annette Beavans Hardison, W. Cary Beavans, Eugene Beavans, and Mrs. Elizabeth Beavans Sheppard, defendant appellants.*

*John A. Wilkinson for W. B. Voliva, defendant appellee.*

SHARP, J.   The basic rule of construction, and the refrain of every opinion which seeks to comprehend a testamentary plan, is that "(t) he intent of the testator is the polar star that must guide the courts in the interpretation of a will." *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777. Courts have had considerable difficulty in determining whether a testator meant his beneficiaries to take per capita or per stirpes but, out of judicial experience, certain rules have devolved to help solve this perplexity. *Burton v. Cahill,* 192 N.C. 505, 135 S.E. 332.

The general rule, which has been stated and restated innumerable times is that where the devise or bequest is to a class, such as nephews and nieces, the devisees take share and share alike unless it clearly appears that the testator intended a different division. *In re Battle,* 227 N.C. 672, 44 S.E. 2d 212. In an annotation in 16 A.L.R., Wills— Per Stirpes or Per Capita, we find the following statement on page 55: "The decisions warrant the generalization that under a bequest to 'nephews and nieces,' as such, no implication arises from the nature of the relationship that they are to take by families." Subsequent annotations will be found at 78 A.L.R. 1403; 126 A.L.R. 174; 13 A.L.R. 2d 1052.

However, appellant Voliva contends that in this case rules of punctuation should override general rules of testamentary construction. The bequest which we construe here is "to my nephews and nieces, the child or children of any deceased nephew and niece to receive the share the parent would have taken, the said distribution to be per stirpes and not per capita." Voliva argues that the last clause modifies nephews and nieces rather than the immediately preceding clause "the child or children of any deceased nephew and niece to receive the share

the parent would have taken"; that the quoted clause, set off by commas, is a parenthetical expression which adds nothing to the provisions since the child or children of a deceased legatee would have taken his share without its inclusion. With this contention or construction we do not agree. Where it is necessary to effectuate the intention of a testator the court may disregard or supply punctuation, *Coppedge v. Coppedge, supra,* but we think the testamentary intent emerges here with the punctuation left as it is.

When a personal pronoun appears in a written passage the identity of the person to whom it refers must often be ascertained by referring back to its antecedent. The rules of English grammer proscribe the use of a pronoun if there can be any doubt about its antecedent. If there is doubt, and no antecedent is mentioned in the passage, it is obvious that evidence *aliunde* would have to be obtained to identify the person represented by the pronoun. In this case, if we were to hold that the nephews and nieces themselves take per stirpes, we would find ourselves looking for the antecedents (the stirpes) outside the will. *Stirp or stirps* means the root or trunk, a person from whom a branch of a family is descended. The term "per stirpes" denotes the division of an estate by representation, a class taking the share to which the deceased whom they represent would have been entitled had he been living. *Walsh v. Friedman,* 219 N.C. 151, 13 S.E. 2d 250.

We think the last clause in the provision under consideration modifies the one immediately preceding it and that the testator intended a per capita distribution among the nephews and nieces, the child or children of any deceased nephew or niece to take per stirpes. The testator's gift was to a class, nephews and nieces. He made them the primary legatees after the life estate of his wife — not because they represented a particular brother of his but because they were his nephews and nieces. Not once did he refer to them as children of his deceased brothers nor did he mention his brothers anywhere in the will. No suggestion that they were to take according to stock or root immediately followed the designation of the nephews and nieces as beneficiaries. That direction followed the designation of those who would take if a nephew or niece died before the date for distribution. Testator recognized the nephews and nieces as the stirpes and not their fathers. The names of the fathers, the testator's deceased brothers, and their children first appeared in paragraph five of the plaintiff's petition or instrument. Interpreting this will from its four corners the only person who could take by representation would be "the child or children of any deceased nephew or niece."

We think the intent of the testator is clear from the will itself but, if resort to canons of construction is required, one rule says that dis-

tribution should be per capita unless the entire will discloses a contrary intent. *Burton v. Cahill, supra.*

Punctuation and sentence structure are as individual as the writer himself. Formal writers are likely to follow the tradition of "close" punctuation while the general preference of today is for "open" punctuation in which fewer commas are used. The draftsman of this will, writing a formal document, was undoubtedly following the tradition of "close" punctuation. It would have saved litigation had he written "to my nephews and nieces share and share alike (per capita), the child or children of any deceased nephew or niece to receive his share (per stirpes)"; nevertheless, we think that is what the testator intended.

In the instant case, as stated by Clark, C.J., in *Leggett v. Simpson,* 176 N.C. 3, 96 S.E. 638, and quoted by Stacy, C.J., in *Tillman v. O'Briant,* 220 N.C. 714, 18 S.E. 2d 131: "There is nothing in the will which impairs the usual rule of construction that where a devise is to a class collectively, and not by name to various devisees in the class, all the members of the class take *per capita* and not *per stirpes.*"

The appeal of the plaintiff is dismissed under the authority of *Ferrell v. Basnight,* 257 N.C. 643, 127 S.E. 2d 219.

That portion of the judgment of the lower court directing that distribution among the nephews and nieces of W. C. Beavans shall be per stirpes is reversed. The case is remanded with directions to the Superior Court to enter an order requiring distribution among the nephews and nieces per capita.

Reversed.

RODMAN, J., dissenting: As I read the will, testator intended to provide for a distribution of the trust at his wife's death among his nephews and nieces. By express language he directed "said distribution to be per stirpes and not per capita." The conclusion reached by the majority is, I think, contrary to the testator's intent. Hence my vote is to affirm.

HIGGINS, J., joins in this dissent.