FLORENCE JONES; VIOLA J. WILLIFORD; COLLIE R. JONES AND WIFE ELSIE C. JONES; NORMAN S. JONES, JR. AND WIFE JEAN B. JONES; AND EDWIN H. JONES AND WIFE DOROTHY D. JONES, PETITIONERS v. NOLA J. GOOCH; MAMIE J. HICKS; ROBERT L. JONES AND WIFE LECTER C. JONES; BERTHA J. DAVIS AND HUSBAND JOHN W. DAVIS; DAVID MARK JONES; FRANCES J. HAVENS AND HUSBAND HARRY F. HAVENS; BOOT-SIE DEAN AND WIFE JANIE P. DEAN; AUDREY D. DEAN AND HUSBAND ALTON DEAN; JOHN CLARK AND WIFE GRACE CLARK; HELEN C. HOBGOOD AND HUSBAND JIMMIE HOBGOOD; LUCILLE C. PERRY AND HUS-BAND D. G. PERRY; PATSY C. WEBSTER AND HUSBAND CLYDE WEBSTER; JONES CLARK AND WIFE ALMA CLARK; J. C. CLARK AND WIFE DOROTHY CLARK; AND ROBERT L. CLARK, RESPONDENTS

No. 779SC283

(Filed 2 May 1978)

**Wills § 34— devise to wife and single daughters—joint life tenancy in entire tract**

　　Items of testator's will devising the family home and the 180 acre tract on which it stood to his wife and his two single daughters "as long as my daughters remain single," providing that "my two single daughters . . . are to be equal in proportion share and share alike with their mother . . . until their marriage at which time the property is to be the property of their mother," and further providing that "all of the property given to my belove wife and two daughters—at their marriage is to remain the property of my wife until her death" *are held* to have given an unmarried daughter a joint tenancy with her mother in the entire 180 acre tract, for life, with right of survivorship, subject to be defeated upon her marriage.

APPEAL by respondents from *Graham, Judge.* Judgment entered 8 March 1977 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 1 February 1978.

This action was instituted to obtain a judgment declaring what interest Florence Jones has in a 180 acre tract of land. Her interest in the land came to her by the will of her father, R. S. Jones, which was probated in 1933. The pertinent portions of that will are as follows.

　　"Second—I give and devise to my belove wife Rosa A. Jones and my two single daughters Nola T. Jones & Florence Jones—as long as my daughters remain single the tract of land on which I now reside, (except one fourth acre which is to be used for burring ground) containing one hundred & eighty acre.

Third—I give and bequeath to my said belove wife and two single daughters Nola and Florence all of the personal property of every description together with all the household and kitchen furniture.

Fourth—That my two single daughters name above are to be equal in proportion share and share alike with their mother Rosa A. Jones untill their marriage at which time the property is to be the property of their mother.

Fifth—All of the property given to my said belove wife and two daughters—at their marriage is to remain the property of my wife untill her death, at which time is to be sold and equally divided among all of my children."

A residuary clause in the will directed that the balance of his estate should be reduced to cash and paid to all of his children in equal shares. Included in testator's residuary estate was a farm of approximately 100 acres.

Rosa A. Jones is now deceased. Nola T. Jones married prior to the deaths of the testator and Rosa A. Jones. Florence Jones has never married.

Appellees contend Florence Jones has a defeasible life estate in the entire tract. Appellants contend she has a defeasible life estate in only one-third of the tract. No controversy exists as to the remainder after Florence's life estate.

The court concluded that Florence is possessed of an estate for life, or for so long as she remains single, in the entire tract.

*Zollicoffer & Zollicoffer, by Robert K. Catherwood, for petitioner appellees.*

*Royster & Royster, by John H. Pike, for respondent appellants.*

VAUGHN, Judge.

The principles that are supposed to guide the courts in the interpretation of wills are frequently and easily recited. Their application to particular cases presents a more difficult test. We have no reason to disagree with the trial judge's conclusions as to what the testator intended, even though it appears that testator

was ambiguous in dealing with the contingency of having an unmarried daughter survive his widow.

In effect, the judge concluded that for as long as the daughter did not marry, the daughter and the mother held the land as joint tenants, for life, with right of survivorship. The remaindermen cannot take, therefore, until the death (or, in this case, death or marriage) of the last of the joint life tenants. *Burton v. Cahill*, 192 N.C. 505, 135 S.E. 332 (1926). In reaching this conclusion, it seems that the judge properly tried to find the intent of the testator by considering the entire will and the circumstances as they existed at the time the will was executed. *Cannon v. Cannon*, 225 N.C. 611, 36 S.E. 2d 17 (1945).

Testator's will shows clearly several concerns. First it appears that he wished to deal as even handedly as possible with his family. Thus the residuary estate was to be paid over to his children in equal proportion, share and share alike. Secondly, he felt a strong sense of responsibility to the women of his family who would be alone after his death. He, therefore, provided especially for his widow and his two unmarried daughters, disturbing the general equality to this end. To his wife he gave some cash. To the three of them he left the family home and the 180 acre tract on which it stood, plus all of the personal property. He provided that, among the three, each would be equal in proportion, share and share alike, until the time of marriage at which time each daughter's share would move to her mother. There is another concern throughout the will. Testator had eleven children and obviously recognized the problem of dividing the ownership of land among so many. He, therefore, directed that all of his estate, with the exception of the homeplace reserved for his wife and unmarried daughters, be sold and the cash distributed to his children. He further provided that all of the personal property and the home which was given to his wife and daughters remain intact until the event he considered likely to close the matter, the death of his wife. It seems reasonable to infer that the same considerations would have guided him, had he considered the question, to keep the homeplace unpartitioned until it was no longer needed by his unmarried daughter. At that time he ordered that the land be sold and cash again be distributed to his children.

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges CLARK and ERWIN concur.